In re **NEVADA EMERGENCY SERVICES, INC.,** a Nevada corporation, dba Medic I, Debtor.

**ORCON, INC.,** a Nevada corporation; **Medic Air, Inc.,** a Nevada corporation; and **Gary Brenner,** an individual, Plaintiffs,

v.

**NEVADA EMERGENCY SERVICES, INC.,** a Nevada corporation, dba Medic I; **International Life Support, Inc.,** a corporation; **Jack Gould,** an individual; **Does I–XX;** and **Black Corporations I–XX,** Defendants.

Bankruptcy No. BK–R–81–766.
Adv. No. 83–25.

United States Bankruptcy Court,
D. Nevada.

May 11, 1984.

**860**

Michael J. Morrison, Digesti & Peck, Attorneys for Orcon, Inc., Medic Air, & Gary Brenner, Reno, Nev., for plaintiffs.

Henderson & Nelson, John Martz, Barker, Gillock & Perry, Charles W. Spann, Reno, Nev., for Medic I.

Lionel, Sawyer & Collins, Dan C. Bowen, Reno, Nev., for Jack Gould and International Life Support.

## ORDER

ROBERT C. JONES, Bankruptcy Judge.

*Background*

This present motion to dismiss was filed by defendant/debtor Nevada Emergency Services, Inc., dba Medic I (NES) on 14 December 1983 and argued before the Court on 11 January 1984. NES, joined in its motion by non-debtor defendants International Life Support Inc. (ILS) and Jack Gould, seeks dismissal of this adversary proceeding for the plaintiffs' alleged failure to prosecute their complaint, pursuant to Bankruptcy Rule 7041 (which incorporates Fed.R.Civ.P. 41). NES filed its Chapter 11 petition on 14 September 1981 and became a reorganized debtor following the confirmation of its plan of reorganization on 21 December 1982.

The subject complaint was originally filed on 3 January 1983 in the Second Judicial District Court of the State of Nevada and removed to this Court by the defendant/debtor on 18 January 1983. The complaint alleges nine claims for relief against the defendants, including a postpetition breach of an oral contract formed prepetition; general, special, and punitive damages for postpetition slander per se (statements injurious to the plaintiffs' business); damages for the conversion of money payable to the plaintiffs (date of the conversion unspecified); damages for breach of a duty of good faith and fair dealing in the business relationship with the plaintiffs (breach date unspecified); damages for fraud or negligence (dates unspecified); and damages for the intentional infliction of emotional distress (dates of tort unspecified).

Although some of the above claims are based on an alleged oral executory contract (which the debtor denies ever existed), neither the debtor's plan nor the order confirming it made any mention of the assumption or rejection of executory contracts. Moreover, the plaintiffs were not listed on the debtor's statement of financial affairs or on the schedules, and did not file a proof of claim. The plaintiffs assert that their lack of participation in the debtor's case was the result of the debtor's failure to notify them of the filing and provide notice in due course with the other creditors of the crucial dates (e.g., deadline for filing proof of claim, for objecting to the debtor's disclosure statement and plan). Plaintiffs further allege that they first learned of this Chapter 11 case when the debtor removed this proceeding to the Bankruptcy Court.

Following the debtor's removal the non-debtor defendants filed a motion for remand to have the proceeding returned to the state court for trial, alleging this Court's lack of subject matter jurisdiction over themselves. The Court entertained arguments on this motion on 30 June 1983 and postponed further consideration to allow the parties additional time to frame the pertinent issues. This remand motion was to have been reset by counsel, but to date has not.

After due consideration of the defendants' arguments at the 11 January 1984

hearing, the Court expressed its inclination to not exercise its discretion to dismiss the complaint for failure to prosecute. The Court agreed with the plaintiffs' argument that the four factors set forth in *Davis v. Williams*, 588 F.2d 69 (4th Cir.1978), justifying such a dismissal had not been satisfied by the defendants. However, during the course of that hearing an alternative ground for dismissal was posited by the Court. Based upon this alternative ground, discussed below, the Court took defendants' dismissal motion under advisement.

*Discussion*

If the plaintiffs' claims are barred by operation of this Court's 21 December 1982 order confirming the debtor's plan of reorganization then, of course, dismissal of the complaint as against the debtor is warranted. This is the alternative ground suggested by the Court.[1] Dismissing the debtor out of the action might also remove the Court's jurisdictional basis for this proceeding, thereby requiring remand to the state court for the adjudication of the plaintiffs' claims against ILS and Gould.[2]

The confirmation of a reorganization plan has some far-reaching effects on the rights of those asserting claims against the estate. All creditors, whether impaired or whether they have accepted the plan, are bound by the plan's provisions. 11 U.S.C. § 1141(a). All property of the estate, except as otherwise provided in the plan or confirmation order, is vested in the debtor, § 1141(b), and is "free and clear of all claims and interests of creditors." § 1141(c). Perhaps most importantly, the confirmation of the plan discharges the debtor from "any debt that arose before the date of such confirmation," (and certain debts that are deemed to have arisen before the date of the filing of the petition, such as those arising from the rejection of executory contracts) whether or not a proof of claim has been filed or the plan accepted by the creditor. § 1141(d). This Chapter 11 discharge also includes certain statutory exceptions inapplicable here; however, there is a constitutional exception or limitation on the § 1141(d) discharge that may be applicable.

Based upon a United States Supreme Court case decided under former law, *New York v. N.Y., N.H. & H.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), and subsequent case law, one commentator suggests that "the discharge of claims or the extinguishment of interests without notice violates the Due Process Clause of the United States Constitution." 5 *Collier on Bankruptcy* ¶ 1141.01[4][b] at 1141–12 (15th ed. 1983). In *New York*, because the city (a secured creditor asserting liens on the debtor railroad's property) was not given reasonable notice of the bar date for filing a proof of claim (publication notice

---

**1.** A related question proposed at the 11 January 1984 hearing concerns the legal vitality of an executory contract neither assumed nor rejected by the debtor before confirmation of its plan. While this question is not answered by the Bankruptcy Code, case law developed under past and current law supports the conclusion that such contracts pass through the reorganization proceedings unaffected and become an obligation of the reorganized debtor. *Consolidated Gas Elec. L. & P. Co. v. United Railways & Elec. Co.*, 85 F.2d 799 (4th Cir.1936); *Matter of Central Watch, Inc.*, 22 B.R. 561 (Bkrtcy.E.D. Wis.1982); *In re Slaw Construction Corp.*, 17 B.R. 744 (Bkrtcy.E.D.Pa.1982); *In re Shoppers Paradise, Inc.*, 8 B.R. 271 (Bkrtcy.S.D.N.Y.1980); 2 *Collier on Bankruptcy* ¶ 365.03[1] at 365–22 (15th ed. 1983). However, these cases do not address the question of the survivability of a breached or repudiated executory contract. This issue and the existence of the subject con-

tract, and the timing and materiality of all alleged breaches must await the presentation of evidence at trial.

**2.** However, failure to dismiss all claims against the debtor would not necessarily require adjudication in the Bankruptcy Court. In a recent bankruptcy decision affirmed by the district court it was held that the state court was not deprived of jurisdiction by 28 U.S.C. § 1471(d) or the automatic stay of 11 U.S.C. § 362 to adjudicate postconfirmation breaches of an executory contract. *In re Paradise Valley Country Club*, 26 B.R. 990 (Bkrtcy.D.Colo.1983), *aff'd* 31 B.R. 613 (D.Colo.1983). Although *Paradise Valley* dealt with breaches of an executory contract expressly assumed by the reorganized debtor, the postconfirmation effect of such a contract neither assumed nor rejected may be the same. *Supra* n. 1.

only was used even though the debtor knew the city claimed certain liens) the court held that the creditor was not barred from asserting its claim postconfirmation. Furthermore, the court held:

> Nor can the bar order against New York be sustained because of the city's knowledge that reorganization of the railroad was taking place in the court. The argument is that such knowledge puts a duty on creditors to inquire for themselves about possible court orders limiting the time for filing claims. But even creditors who have knowledge of a reorganization have a right to assume that the statutory "reasonable notice" will be given them before their claims are forever barred.

344 U.S. at 293, 73 S.Ct. at 301. The Supreme Court concluded its opinion by stating what it described as "a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *Id.*

Similarly, the Third Circuit Court of Appeals, in a decision that concerned a reorganization filing under Chapter X of the former Bankruptcy Act, held that notice by publication to creditors of the proceeding's crucial bar dates was insufficient given the trustee's actual knowledge of the creditor and its claim. *In re Harbor Tank Storage Co.*, 385 F.2d 111 (3rd Cir.1967). The *Harbor Tank* court relied heavily on the *New York* case in allowing the creditor to prove its claim notwithstanding confirmation of a reorganization plan that otherwise would have cut off its rights. Based upon very similar facts another Court of Appeals held, in *In re Intaco Puerto Rico, Inc.*, 494 F.2d 94, 99 (1st Cir.1974), that

> the failure of the Trustee, knowing of the creditor's claim, to mail the various

notices required by Chapter X, precludes a finding that the Creditor is barred by confirmation of the reorganization plan from presenting his claim to the bankruptcy court. *Mere notice by publication, though, of necessity, sufficient where a creditor is either unknown or of uncertain identity,* ... cannot be considered adequate under the circumstances here presented. *The importance of active creditor participation in reorganization proceedings,* which Chapter X explicitly encourages, ... *coupled with the practical dangers to substantive creditor rights posed by the lack of such participation,* will admit of no other conclusion.

(Emphasis added, footnote omitted). In a recent bankruptcy court case addressing a similar question, *In re American Properties, Inc.*, 30 B.R. 247 (Bkrtcy.D.Kan.1983), the creditor, though known to the debtor, did not receive notice of the claim bar date (the notice mailed to the creditor was incorrectly addressed). Accordingly, it was held: "there was not notice to the [creditor] that this Court could find to be either fundamentally fair nor reasonably calculated to apprise interested parties, and the [creditor] is constitutionally not bound by the terms of the debtor's confirmed plan." *Id.* at 251. *See also Reliable Electric Co., Inc. v. Olson Const. Co.*, 726 F.2d 620 (10th Cir.1984) (Claim of creditor that received inadequate notice of confirmation hearing not discharged).

Obviously the facts of the cases above differ in important respects from those alleged[3] in the present case. The principal difference being that the debtor denies any knowledge of the plaintiffs' status as a claimant.[4] However, the principles

---

**3.** The "facts" outlined in this order have been presented to the Court by way of argument and the pleadings, not by sworn testimony or otherwise admissible evidence.

**4.** The Court used the appellation "claimant" instead of a "creditor" advisedly to describe the position held by a party or parties such as the plaintiffs in this case. The subject complaint which describes the basis of the plaintiffs' claims, does not expressly allege the commis-

sion of any tort or the breach of any duty by the debtor antedating the order for relief. The complaint does allege a postpetition breach of contract and postpetition slander. The dates of the remaining alleged actionable acts are unspecified. Therefore, as presently pleaded the complaint does not allege a "claim against the debtor that arose at the time of or before the order for relief," or a claim that is deemed to have arisen before the order for relief, which is

announced in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the *dicta* cited above from *Intaco Puerto Rico*, and other cases arguably require at least minimal notice to unknown claimants of the opportunity to participate in a corporate reorganization case. (See discussion below.) At the very least the *New York, Harbor Tank, Intaco Puerto Rico, American Properties*, and *Reliable Electric* line of cases supports the proposition that a confirmed plan does not bar a claim absent a reasonable opportunity to be heard.

The question then naturally arises as to what constitutes a reasonable opportunity to be heard if the claimant and the existence of the claim are unknown to the debtor.[5] Without answering the question, this Court only notes the references (mostly dicta) to unknown claimants in the previously cited cases. In *New York* the Supreme Court recognized the occasional necessity and obvious limitations of publication notice: "Notice by publication is a poor and sometimes hopeless substitute for actual service of notice. Its justification is difficult at best ... But when the names, interests and addresses of persons are unknown, plain necessity may cause a resort to publication." 344 U.S. at 296, 73 S.Ct. at 301. *See also Intaco Puerto Rico*, 494 F.2d at 99. Both of these cases rely on the Supreme Court's earlier discussion of the Fifth Amendment's Due Process Clause found in *Mullane*. That discussion included this statement of law:

This Court has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning. Thus it has been recognized that, *in the case of persons missing or unknown*, employment of an indirect and even probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.

339 U.S. at 317, 70 S.Ct. at 658 (emphasis added).

*Conclusion*

■ In the absence of evidence, the Court offers no opinion respecting the merit of plaintiffs' claims, but only decides that the debtor/movant has not shown that the plaintiffs have had a reasonable opportunity to be heard. Without such a showing the Court cannot, consistent with due process, conclude that the claims are discharged nor grant the motion to dismiss. Accordingly it is hereby

ORDERED that the debtor's motion to dismiss is denied.

IT IS FURTHER ORDERED that the parties set this complaint for trial at the earliest date practicable.

the Code's definition of a creditor. 11 U.S.C. § 101(9). Although, strictly speaking, the plaintiffs would not be creditors under this definition, they certainly possess "claims" against the debtor. The Bankruptcy Code broadly defines a claim as a:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

11 U.S.C. § 101(4).

This lack of creditor status is not a serious disability for the purposes of § 1141(d)(1)(A). That subsection "discharges the debtor from any debt that arose before the date of such confirmation." The Code defines "debt" as "liability on a claim," § 101(11); therefore, postpetition preconfirmation claims are discharged by operation of § 1141, assuming all of the other conditions for discharge have been met.

5. For purposes of this discussion the Court assumes the debtor did not know and had no reason to know of the plaintiffs' claims. If it did know or should have known the holdings of the New York case and its progeny would preclude a bar of the claims postconfirmation.