**In re The CHARTER COMPANY, et al., Debtors.**

**CHARTER INTERNATIONAL OIL COMPANY, Plaintiff,**

**v.**

**Rosa Irene Sanders ZIEGLER, Charles Lewis Sanders, Jr., Theresa Michelle Sanders, and Tanya Dena Sanders Watson, Defendants.**

**Bankruptcy Nos. 84–289–BK–J–GP through 84–332–BK–J–GP and 85–1033–BK–J–GP.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Nov. 18, 1988.

James H. Post, Jacksonville, Fla., for plaintiff.

Robert K. Monk, Port Arthur, Tex., for defendants.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon cross-motions for summary judgment filed by the plaintiff, Charter International Oil Company's ("CIOC"), and the defendants, Rosa Irene Sanders Ziegler, Charles Lewis Sanders, Jr., Theresa Michelle Sanders and Tanya Dena Sanders Watson (the "Ziegler Claimants"). Both motions raise the issue of the dischargeability of wrongful death claims of the defendants. A hearing on the motions was held July 26, 1988. The Court now concludes that it will enter final summary judgment in favor of the defendants.

## FACTS

1. On April 20, 1984, CIOC filed a petition seeking reorganization under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 101 *et seq.*

2. On May 23, 1984, CIOC filed its schedules of liabilities and assets in its Chapter 11 case. The Ziegler Claimants were not listed in the schedules as creditors of CIOC because CIOC was unaware of these claims at that time.

3. On August 8, 1984, the Court entered an order which (i) established November 19, 1984, as the last day for filing proofs of claims (the "Bar Date"), (ii) directed CIOC to provide notice of the Bar Date to known creditors, and (iii) directed CIOC to provide notice to unknown creditors by publication.

4. On August 8, 1984, CIOC mailed a copy of this Court's order noticing the Bar Date (the "Bar Date Notice") to each claimant identified in CIOC's schedules.

5. On August 15, 1984, CIOC caused the Bar Date Notice to be published in *The Wall Street Journal* national edition, the *New York Times* national edition, the *Florida Times–Union* (Jacksonville, Florida), the *St. Louis Post–Dispatch,* the *Houston Chronicle,* and the *Oil Daily.*

6. The Ziegler Claimants did not file a proof of claim prior to the Bar Date, or at any time thereafter.

7. On August 22, 1986, the Ziegler Claimants filed an amended complaint in a Texas state court (the "State Court Action") which, for the first time, joined CIOC as one of nine co-defendants in a wrongful death action filed on behalf of the survivors of Charles Lewis Sanders (the "Ziegler Claims"). The Ziegler Claimants admitted in their response to CIOC's request for admissions that (i) CIOC was unaware of the Ziegler Claims prior to the service of the fourth amended complaint in the State Court Action and (ii) that the Ziegler Claims arose prior to the petition date of April 20, 1984.

8. On October 15, 1986, CIOC and the Ziegler Claimants entered into a stipulation modifying the automatic stay of 11 U.S.C. § 362 providing for the liquidation of the Ziegler Claims in the State Court Action. Under the stipulation, CIOC expressly reserved its right to object to the Ziegler Claims "for any reason, including, but not limited to, CIOC's contention that such proofs of claim are untimely." Based on this stipulation, this Court entered an order granting relief from the stay on November 21, 1986.

9. On December 18, 1986, this Court entered an order (the "Confirmation Order") confirming CIOC's plan of reorgani-

zation (the "Plan"). The Confirmation Order discharged CIOC from all of its debts which arose prior to the confirmation date, and permanently enjoined each creditor holding a discharged debt from instituting or continuing any action to collect such debts.

10. On March 18, 1987, CIOC instituted this proceeding to determine the dischargeability of the debts asserted by the Ziegler Claimants, and to enjoin the Ziegler Claimants from proceeding further against CIOC in the State Court Action.

11. In response to the complaint, the Ziegler Claimants moved to permit the late filing of their proof of claim or alternatively, to deem their claim allowed. No action has been taken in regards to that motion pending resolution of this adversary proceeding.

12. CIOC filed a motion for summary judgment on July 15, 1988, and on July 21, 1988, the Ziegler Claimants filed their cross-motion for summary judgment.

13. At the July 26, 1988, hearing, the parties agreed that there were no genuine issues of material fact and that this adversary proceeding should be resolved based upon the cross-motions for summary judgment.

### CONCLUSIONS OF LAW

Section 521(1) of the Bankruptcy Code requires a debtor to file a list of creditors and a schedule of assets and liabilities. "Creditor" is defined in 11 U.S.C. § 101(9)(A) as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." Obviously, a debtor cannot schedule an entity as a creditor when the debtor has no knowledge that the entity is asserting a claim. *In re Siouxland Beef Processing Co.*, 55 B.R. 95, 100 (Bkrptcy.N.D.Iowa 1985); *Matter of Flamini*, 23 B.R. 668 (Bkrptcy.E.D.Mich.1982).

Bankruptcy Rule 3003(c)(2) places a similar burden upon creditors and requires each creditor whose claim is not scheduled to timely file a proof of claim:

*Who must file.* Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent of unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

Bankruptcy Rule 3003(c)(3) also requires the Bankruptcy Court to establish a claims bar date, which may only be extended "for cause shown":

*Time for Filing.* The Court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

In this case, the Ziegler Claimants candidly admit they had no knowledge of the Bar Date or a potential claim against the bankruptcy estate until well after the Claims Bar Date had passed. It was not until July of 1986 that they determined that CIOC was one of the companies which allegedly sold Benzene to a co-defendant in the State Court Action.

Nevertheless, CIOC posits that publication of the Bar Date in several nationally recognized newspapers was legally sufficient notice to unknown creditors to satisfy due process considerations. Support for their position is drawn from the decision in *In re GAC Corp.*, 681 F.2d 1295, 1300 (11th Cir.1982), where the Eleventh Circuit found that publication of the bar date notice in fifty-three leading newspapers worldwide complied with the requirements of due process. Said the Court:

[P]ublication notice of the claimant's bar order was reasonably calculated to apprise non-holding debenture purchasers of the necessity to file individual proofs of claim ... and thus the notice complied with the requirements of due process. *Id.* at 1300.

Other courts have reached similar conclusions. For instance, in *In re O.P.M. Leasing Services, Inc.*, 48 B.R. 824 (S.D.N.Y. 1985), the court held that notice by publication in the *Wall Street Journal, Computer World* and *Datamation* was consistent

with due process requirements. When notice by mail is not possible, "notice by publication is an adequate form of notice to advise a party of then entry of a bar order." *Id.* at 831. *See also, In re Chicago Pacific Corp.,* 773 F.2d 909 (7th Cir.1985) (notice published in the *Wall Street Journal* was sufficient constructive notice to creditor unknown to the trustee); *In re Computer Devices, Inc.,* 51 B.R. 471 (Bkrptcy.D.Mass.1985) (publication of bar date order in newspapers and business journals was consistent with due process, where debtor had no knowledge of the name and address of the claimant).

In the instant case, CIOC caused notice of the Bar Date to be published on August 15, 1984, in several national and local publications, namely the *Wall Street Journal,* the *New York Times* national edition, the *Florida Times–Union* (Jacksonville, Florida), the *Houston Chronicle,* the *St. Louis Post–Dispatch,* and the *Oil Daily.* CIOC suggests that this method of publication comports with due process requirements.

■ While notice by publication accomplished in this manner may be legally sufficient notice of the Bar Date to most trade creditors, it is not to the individual tort claimants in this case.[1] More specifically, the Court notes that not only was this notice published but once, it was published in publications to which the defendants are not likely to subscribe. This hardly comports with due process requirements. As the Supreme Court noted in *New York v. N.Y., N.H. & H.R. Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953): "Notice by publication is a poor and sometimes hopeless substitute for actual service of notice. Its justification is difficult at best ..." 344 U.S. at 296, 73 S.Ct. at 301.

The real problem in this case stems from the fact that the Ziegler Claimants were unaware of their claim against CIOC prior to July of 1982. While CIOC argues that it was the responsibility of the Ziegler Claimants to immediately inquire as to the causes of Charles Lewis Sander's death in March of 1982 and to assert the appropriate claims against CIOC, it appears that their failure to do so was due to circumstances beyond their control.

The Eleventh Circuit has held that, when leave is sought to file a proof of claim after the expiration of the bar date, the "cause" which must be shown under Bankruptcy Rule 3003(c)(3) is governed by the "excusable neglect" standard of Bankruptcy Rule 9006(b). *In re South Atlantic Financial Corp.,* 767 F.2d 814 (11th Cir.1985), *cert. denied,* 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986). Rule 9006(b) provides:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect.* (Emphasis supplied).

The Court in *South Atlantic* then interpreted the "excusable neglect" standard to require a showing that:

> [T]he failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform them.

*Id.* at 817.

■ On page 818 of that decision, the Court indicates that lack of knowledge of bar date amounts to excusable neglect. More specifically, the Court says:

> Biscayne acknowledges that its failure to file a timely proof of claim was not the result of anything beyond its reasonable control, *such as lack of notice of the bar date,* but was the result of failure of its counsel's failure accurately to determine whether a proof of claim had already been filed.... (Emphasis supplied).

---

1. On December 29, 1986, the Court entered an Order Granting Motion of Petroleos Mexicanos For Enlargement of Time to File Proof of Claim Against Charter Crude Oil Company. In that order, the Court specifically found the method of publication used by CCOC to be insufficient to provide notice of the Bar Date to a foreign corporation which may or may not have subscribed to the publications employed. That decision may be found at 68 B.R. 396.

*Id.* at 818. The Court finds this language to support the premise that lack of actual notice of the claims bar date may be sufficient ground to support a finding of excusable neglect. *See also, In re Herd,* 840 F.2d 757, f.2 (10th Cir.1988); *In re Standard Metals Corp.,* 48 B.R. 778, 787 (Bkrptcy.D.Colo.1985), *aff'd on other grounds,* 817 F.2d 625 (10th Cir.1987).

■ Although the Ziegler Claimants were able to identify and assert their claims against Gulf States Utilities Company, White Blue Print Company, HUMCO Laboratory, Inc., Delta Solvents & Chemical Co., Delta Solvents & Chemical Co. of Louisiana, Shell Oil Company, Atlas Processing Company and Penzoil Company prior to August of 1986, they did not have the benefit of sufficient discovery to allow them to uncover CIOC's participation in the distribution of Benzene products. The Ziegler Claimant's effort to make such discovery in this case was equivalent to that of "David versus Goliath." Under the circumstances, the Court finds "excusable neglect" and will permit the late filing of the Zieglers' claim.

■ Having said that, the Court must next determine if the Zieglers' claim was discharged pursuant to 11 U.S.C. § 1141(d). Ordinarily, an order confirming a Chapter 11 plan operates to discharge a debtor from claims that arose prior to the date of confirmation irrespective of whether a proof of claim is filed. 11 U.S.C. § 1141(d)(1)(A)(i). Where, however, the debtor knew of the creditor's claim but failed to provide adequate notice of the Chapter 11 filing or the claims bar date, and the creditor otherwise did not have actual knowledge of the filing in time to file a proof of claim, the debt is non-dischargeable in bankruptcy. *In re American Properties, Inc.,* 30 B.R. 247 (Bkrptcy.D.Kan.1983); *In re Sullivan Ford Sales, Inc.,* 25 B.R. 400 (Bkrptcy.D. Me.1982).

This rule emanates from the 1953 United States Supreme Court determination that the discharge of claims or the extinguishment of interests without notice violates the Due Process Clause of the United States Constitution. *New York v. N.Y.,* *N.H. & H.R. Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). Said the Court: "[A] reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *Id.*

■ Although the *New York* Court was dealing with the dischargeability of debts under the Bankruptcy Act, modern courts still embrace this principle and consistently hold that the confirmation of a debtor's plan of reorganization cannot be made binding upon a creditor which did not receive actual notice. *E.g. In re Harbor Tank Storage Co.,* 385 F.2d 111 (3rd Cir. 1967); *In re Nevada Emergency Services, Inc.,* 39 B.R. 859 (Bkrptcy.D.Nev.1984). *See also,* 5 *Collier on Bankruptcy* 1141.-01[4][b] at 1141–12 (15th Ed. 1983). Accordingly, such debts are not discharged by confirmation of the debtor's plan. *In re American Properties, Inc.,* 30 B.R. 247 (Bkrptcy.D.Kan.1983); *Reliable Electric Co., Inc. v. Olson Construction Co.,* 726 F.2d 620 (10th Cir.1984).

Finally, the Court will address CIOC's argument that its insurance policies constitute property of the estate which are protected by the discharge injunction. More specifically, CIOC argues that since 11 U.S. C. § 1141(b) and (c) vests CIOC with all of its property free and clear of all claims or interests of creditors upon confirmation, the Ziegler Claimants are not entitled to bring an action against any such property after confirmation. One such property interest would be CIOC's interest in its insurance policies. *See, In re Davis,* 730 F.2d 176 (5th Cir.1984) (insurance policies are property of the estate); *In re Johns–Manville Corp.,* 26 B.R. 420 (Bkrptcy.S.D.N.Y. 1983), *rev'd in part on other grounds,* 41 B.R. 926 (S.D.N.Y.1984) (liability insurance policies are property of the estate).

Although CIOC's interest in its insurance policies may have vested with CIOC upon confirmation, the failure to give creditors such as the Ziegler Claimants notice of the Bar Date defeats CIOC's contention. For reasons similar to the effect failure to give creditors such as the Ziegler Claimants notice of the Bar Date precludes the discharge of those debts, so too does the fail-

ure to notify creditors of the bankruptcy prior to the claims bar date destroys the prohibition against bringing actions against that property by unknown creditors.

### CONCLUSION

In summary, the Court finds that CIOC failed to give defendants adequate notice of the Claims Bar Date, that the defendants have demonstrated "excusable neglect" which would justify the allowance of an otherwise untimely proof of claim, and that the defendants' claim was not discharged in bankruptcy. The Court finds further that the failure to provide the defendants with adequate notice of the bankruptcy prior to the claims bar date defeats the debtor's interest in property of the estate upon confirmation as to those creditors. Plaintiff's motion for summary judgment will be denied and defendants' cross-motion for summary judgment will be granted.

The Court will enter a separate order in accordance with these findings.