**In re WOLRAY HOTELS, INC., Debtor.**

**Bankruptcy No. 88–972–BKC–6P1.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

May 5, 1989.

Richard B. Webber, Orlando, Fla., for movant.

David R. McFarlin, Orlando, Fla., for debtor.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Amended Motion by Zahir H. Kanji ("Kanji") to Allow Untimely Filed Amended

Proof of Claim. A hearing was held April 11, 1989, and upon the evidence and argument of counsel, the Court enters the following Memorandum Opinion:

## FACTS

On April 27, 1988, Wolray Hotels, Inc. ("Debtor") filed a Petition for Relief under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1101, *et seq*. No trustee having been appointed, the Debtor continues as Debtor-in-Possession.

The movant, Zahir H. Kanji, was employed by the Debtor as Vice President of Finance from March, 1986, until May 31, 1988. In the course of his duties, he helped prepare rough drafts of the Bankruptcy Petition and Schedules and turned this information over to Debtor's attorney for processing. Kanji also prepared Schedule A–3 listing himself as an unsecured creditor with a claim of $1,000.00, based on a pre-petition loan to the Debtor. The mailing matrix prepared by Kanji includes his name but omits an address. Kanji was also involved in numerous negotiations with creditors both prior to and after the petition date.

On April 28, 1988, the Clerk of the Court issued Notice for Meeting of Creditors which provided, among other things:

> You must file a Proof of Claim if your claim as scheduled is disputed, contingent, unliquidated, unlisted or you do not agree with the amount. Bar date is July 27, 1988.

On the 9th and 16th of May, 1988, Kanji received and delivered to counsel for the Debtor various documents in connection with the bankruptcy case, including a copy of the notice of the Bar Date for filing proofs of claim. The movant asserts that he did not read the notice of the claims bar date.

Around May 31, 1988, Kanji quit his position with the Debtor. On August 31, 1988, he filed a proof of claim for priority wages in the amount of $90,000.00, and on March 9, 1989, moved to allow this claim to be considered timely filed. Kanji subsequently amended the proof of claim on April 10, 1989, to include an additional $85,000.00 in unpaid consulting fees and commissions (total claim = $175,000.00).

## CONCLUSIONS OF LAW

■ Bankruptcy Rule 3003(c) provides: (3) Time for filing. The court shall fix and for *cause shown* may extend the time within which proof of claim or interest may be filed. (Emphasis added).

The bar date is a mechanism intended by Congress to provide the debtor and the creditors with 'finality.' *In re Norris Grain Co.*, 81 B.R. 103, 106 (Bkrtcy.M.D. Fla.1987). For this reason, courts look upon the bar date for filing a proof of claim as being akin to a statute of limitations. *Id.*

The Eleventh Circuit Court of Appeals has ruled that when leave is sought to file a proof of claim after the expiration of the bar date, the "cause" to be shown under Bankruptcy Rule 3003(c)(3) is governed by the excusable neglect standard of Bankruptcy Rule 9006(b). *In re South Atlantic Financial Corp.*, 767 F.2d 814 (11th Cir. 1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986). *See also, In re Charter Co.*, 93 B.R. 281 (Bkrtcy.M.D. Fla.1988); *Norris Grain, supra*.

Bankruptcy Rule 9006(b) provides in part:

> When an act is required or allowed to be done at or within a specified period by these rules or by notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect.

In order to establish "excusable neglect" under Bankruptcy Rule 9006(b), the moving party must prove that the failure to timely perform a duty was due to circumstances beyond the reasonable control of the person whose duty it was to perform them. *South Atlantic, supra* at 817.

There are a number of reported cases which deal with the "excusable neglect" standard of B.R. 9006(b) in the context of

the failure to timely file a proof of claim. One such case is *In re Horn Construction & Maintenance, Inc.*, 32 B.R. 87 (Bkrtcy S.D.Ala.1983). There, the court held that a misunderstanding between a creditor and its lawyers which caused the late filing of a proof of claim did not amount to excusable neglect. Similarly, in *In re Gem Rail Corp.*, 12 B.R. 929, 931 (Bkrtcy E.D.Pa. 1981), the creditor's failure to obtain records with which to file a timely proof of claim was not excusable neglect where there was no showing by creditor that records could not easily have been obtained.

In *In re Siouxland Beef Processing, Co.*, 55 B.R. 95 (Bkrtcy. N.D.Iowa 1985), the court held that Bankruptcy Rule 3003(c) precludes a former employee who was aware of the case but failed to file timely claim from sharing in any distribution. According to that court, the responsibility to apprise the debtor of a claim rested solely with the claimant. *Siouxland Beef* is similar to this case in that the claimant was a high level company executive who was aware of the nature of the bankruptcy proceedings and through his own neglect failed to timely file a proof of claim.

In a case of this Court, *In re Norris Grain Co., supra,* the Internal Revenue Service sought an extension of time to file an untimely proof of claim under the doctrine of excusable neglect. The Service argued that it had no record of having received the Debtor's tax return but conceded that it could have lost or mishandled the document. Based upon this admission, the Court declined to grant an extension.

In the case at bar, the draft of Debtor's Schedule A–3 was prepared by the movant in his capacity as Vice President of Finance on which he listed himself as a creditor for $1,000.00 (representing a loan he made to the Debtor). Furthermore, in his official capacity he received and forwarded the notice of claims bar date to counsel for the Debtor. This intimate knowledge of these proceedings provided Kanji with actual knowledge of the bankruptcy and of the claims bar date. Kanji has failed to demonstrate "excusable neglect" and is prohibited from filing an untimely proof of claim.

■ Finally, Kanji contends that he is entitled to file an untimely proof of claim as an amendment to the scheduled claim for $1,000.00. The Court does not agree. The scheduled obligation of $1,000.00 owing to Kanji is based upon a prepetition loan to the debtor. The untimely claim of Kanji is based upon a letter signed by Kanji which calls for splitting consulting fees and commissions to be paid by third parties to the Debtor. These are unrelated transactions.

In *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985), the Eleventh Circuit Court of Appeals instructs us that post-bar date amendments to a proof of claim should be subject to careful inspection:

> [C]ourt[s] must subject post-bar date amendments to careful scrutiny to insure that there [is] no attempt to file a new claim under the guise of amendment.

*Id.* at 1216.

Under the "traditional analysis" test, the factor that is most relevant is whether the "amended" claim arose out of the same transaction mentioned in the original timely filed claim. *In re Norris Grain, supra* at 196. Applying this test to the case at bar, it is obvious that the claim for $175,000.00 based upon an "agreement" to split consulting fees, finders fees and commissions is substantially different than the scheduled claim of $1,000.00 based upon a promissory note. The untimely claim, as amended, does not arise out of the same transaction or occurrence as the scheduled claim and cannot be considered an amendment to the previously scheduled claim.

## CONCLUSION

In summary, the Court finds that Kanji had actual knowledge of the proof of claims bar date. His intimate involvement as Vice President of Finance for the Debtor, his failure to list himself as anything other than a creditor for a $1,000.00 loan to the Debtor, and his alleged failure to read the notices he received in his official capaci-

ty cannot be the basis for a finding of "excusable neglect."

The Court further concludes that the untimely proof of claim does not arise out of the same transaction as the timely filed proof of claim and cannot be permitted under the guise of an amendment.

The Court will enter a separate order in accordance with these findings.

## ORDER DENYING AMENDED MOTION BY ZAHIR H. KANJI TO ALLOW UNTIMELY FILED AMENDED PROOF OF CLAIM

Upon the Memorandum Opinion entered this same date, the Amended Motion by Zahir H. Kanji to Allow Untimely Filed Amended Proof of Claim is DENIED and the claim filed herein on August 31, 1988, as amended on April 10, 1989, is Disallowed.