**In re PROVIDENT HOSPITAL, INC., Debtor.**

**George L. RUSSELL, Jr., Trustee, et al., Appellants,**

v.

**Rodney BEAN, Appellee.**

Civ. No. S 90–2647.
Motion No. M 89–1447–JS.
Bankruptcy No. 85–B–0473.

United States District Court,
D. Maryland.

Dec. 27, 1990.

Gerard P. Sunderland, Ramona D. Elliott, Laura B. Black, Whiteford, Taylor & Preston, Baltimore, Md., for Provident Hosp., Inc.

Alan M. Grochal, Tydings & Rosenberg, Baltimore, Md., for Rodney Bean.

David E. Rice, Venable, Baetjer & Howard, Baltimore, Md., for George L. Russell.

MEMORANDUM OPINION

SMALKIN, District Judge.

In 1985, Provident Hospital filed for Chapter 11 Bankruptcy. In that proceeding, a bar date for all claims was originally established as August 1, 1985, which bar date was later extended to November 7, 1986. Notice was mailed to the literally thousands of ascertained creditors of Provident, and a number of proofs of claim were, of course, filed. To provide for potential claimants whose identities and

claims were unknown to the parties to the bankruptcy proceeding, constructive notice was given by publication for two weeks of the notice of the final bar date in four newspapers of general circulation in the state of Maryland.

While all of this was going on, Rodney Bean, a resident of Richmond, Virginia, who takes no newspapers (Maryland or otherwise), was incubating a claim against Provident and a host of health care providers, arising out of the alleged negligence of these individuals in the care and treatment of his brother, Linwood, who, in a mad fit of some sort in 1984, had stabbed Rodney in the back, thereby rendering him, unfortunately, a quadriplegic. Rodney did not file a proof of claim in the Provident bankruptcy before the November 7, 1986 final bar date. In fact, he took no action against Provident until April, 1987, when he filed his claim against Provident and a host of others with the Maryland Health Claims Arbitration Office. That Office stayed the proceedings upon the filing of a suggestion of bankruptcy by Provident in December, 1987. In September of 1989, Bean moved the Bankruptcy Court for this District to lift the stay and allow the litigation on his negligence claim to proceed against Provident, stating, in effect, that because Provident has insurance to cover the claim, the bankrupt's estate would not be adversely affected by lifting the stay. Provident opposed lifting the stay, on the ground that the claim was barred by untimeliness. After a hearing, the Bankruptcy Judge granted the relief sought by Bean, stating that due process required, in tort cases such as Bean's, that the claim not be foreclosed by the claimant's failure to file timely in response to constructive notice of a bar date. The matter has been briefed on appeal, and, because it is so plain, no oral argument is needed. The Court recognizes that, ordinarily, the question of lifting an automatic stay is a matter within the Bankruptcy Judge's discretion, but, where, as here, only a question of law is involved, the scope of appellate review is properly *de novo*.

■ With regret, this Court must reverse the decision of the Bankruptcy Judge, in that the Supreme Court has settled the issue in a case that, curiously, was not cited by the parties to this appeal either below or in their present briefs, *viz.*, *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490, 108 S.Ct. 1340, 1347, 99 L.Ed.2d 565 (1988). That case holds that, where a potential claimant is not reasonably ascertainable as of the time notice of bar is given, constructive notice satisfies that claimant's due process interest. As the Supreme Court stated, addressing the completely analogous situation of the due process notice required to be given to claimants against a decedent's estate, "[f]or creditors who are not 'reasonably ascertainable,' publication notice can suffice. Nor is everyone who may conceivably have a claim properly considered a creditor entitled to actual notice. Here ... it is reasonable to dispense with actual notice to those with mere 'conjectural' claims." *Id.*

In this case, there is no reasonable possibility that Bean's claim could have been discovered by the Trustee with reasonable diligence as of the time of notification of the final bar date. Bean did not file his arbitration claim until 1987, and, of prime significance in this case, the claim itself did not grow out of any treatment rendered by Provident to Rodney Bean, but to his brother Linwood, who assaulted Rodney. Had Rodney himself been the patient, perhaps some factual issue of reasonable ascertainability would be presented. But here, the ability to perceive Rodney's claim in the wings as of the notification date lay beyond the ken of mere mortals, and due process was satisfied by the constructive notice given to all by publication. The Court rejects appellee's contention that due process in this case required that the notice be given in nationwide papers, like *USA Today*. Because Provident was a local hospital, not a nationally or even regionally prominent medical institution, there was no reason whatever to advertise nationally or even regionally, and Bean would not have seen such an ad, in any event, as he admittedly takes no papers.

The Court notes that authority cited below as recognizing tort claimants as a distinct class entitled to higher notice than ordinary creditors, *In re Charter Co.*, 93 B.R. 281 (Bankr.M.D.Fla.1988), was, after the decision appealed from here, itself reversed on appeal. *In re Charter Co.*, 113 B.R. 725 (M.D.Fla.1990).

 Because Bean did not timely file his bankruptcy claim after having been given constitutionally sufficient notice, his claim is barred under well-settled authority, 11 U.S.C. § 1141(d) and Bankruptcy Rule 3003(c)(2), and the Bankruptcy Court erred in granting relief to the claimant on his motion.