943 F.2d 49
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re PROVIDENT HOSPITAL, INCORPORATED, Debtor.
Rodney BEAN, Plaintiff-Appellant,
v.
George L. RUSSELL, Jr., Trustee for Provident Hospital,
Incorporated, Defendant-Appellee.
 No. 91-1025.
 United States Court of Appeals, Fourth Circuit.
 Argued July 10, 1991.
Decided Sept. 12, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-90-2647-S, 85-473-B-JS)
 Alan M. Grochal, Tydings & Rosenberg, Baltimore, Md., for appellant.
 Paul M. Nussbaum, Whiteford, Taylor & Preston, Baltimore, Md., for debtor.
 David Eugene Rice, Venable, Baetjer & Howard, Baltimore, Md., for appellee. On Brief: Lawrence L. Hooper, Jr., Tydings & Rosenberg, Baltimore, Md., for appellant. Gerard P. Sunderland, Whiteford, Taylor & Preston, Baltimore, Md., for debtor; Rochelle B. Fowler, Venable, Baetjer & Howard, Baltimore, Md., for appellee.
 D.Md., 122 B.R. 683.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 On or about April 16, 1987, Rodney Bean, appellant, a resident of Richmond, Virginia, took his initial action to institute the claim here involved. He filed a complaint before the Health Claims Arbitration Office of Maryland against, among others, Provident Hospital, Inc. The complaint alleged that, due to the negligent treatment and care of Bean's mentally deranged brother by Provident and other defendants in 1983 and 1984, Bean suffered permanent, crippling injuries when he was stabbed in the back by his brother on April 20, 1984. Bean has been rendered an invalid by his injuries, a quadriplegic. Bean has asserted that since his injury, he, previously an engineer, has been unable to earn any income.
 
 
 2
 In 1985, Provident filed for Chapter 11 Bankruptcy. Notice of the bar date[1] for claims was sent to known creditors of Provident, and publication notice to unknown creditors of the bar date was made for two weeks in October 1986 in four Baltimore, Maryland newspapers: the Baltimore Afro-American, the Daily Record, the Baltimore Sun, and the Evening Sun. Bean, being a Virginia resident and not being a known creditor, was not sent actual notice and did not see the Baltimore-area publication notices. He failed to act before the Supplementary Bar Date.
 
 
 3
 On December 16, 1987, Provident and the Trustee filed a Suggestion of Stay in the proceeding before the Health Claims Arbitration Office based upon Provident's Chapter 11 filing. On September 6, 1989, Bean filed a Motion Seeking Relief from the Automatic Stay in order to allow him to proceed with his claim pending before the Health Claims Arbitration Office. The specific purpose behind Bean's Motion was to allow him to proceed against any insurance policies the bankrupt hospital might have.
 
 
 4
 The Trustee opposed Bean's motion. On July 3, 1990, the bankruptcy court found that the publication notice made in this case was "not reasonably calculated to reach an individual in" Bean's situation, and thus held that such publication notice did not comply with due process. The bankruptcy judge, therefore, granted Bean's motion and allowed Bean to proceed in the Health Claims Arbitration proceeding against Provident but only to the extent that Provident had insurance which would take care of any recovery, leaving untouched the bankrupt's estate.
 
 
 5
 On July 24, 1990, appellees appealed the bankruptcy court's Order to the district court. On December 27, 1990, without a hearing, the district court reversed the bankruptcy court and ordered that the automatic stay against Bean's claim should not have been lifted. Bean timely filed an appeal.
 
 
 6
 The question which confronts us is simply stated: Was the bankruptcy court clearly erroneous in finding that the publication notice was not reasonably calculated to reach creditors situated as Bean was, with the result that the stay should be lifted as to Bean's claim?
 
 
 7
 Following briefing and hearing, the bankruptcy court ruled that "the Notice by Publication done in this case by the Trustee ... did not comply with due process as to" Bean because, the bankruptcy judge found, "publication in local newspapers was not reasonably calculated to reach an individual in [Bean's] situation." On the basis of the above ruling the bankruptcy court ordered the lifting of the automatic stay in order to allow Bean to "proceed with [his] action currently pending in the Health Claims Arbitration Board of Maryland as against Provident Hospital, Inc. insofar as Provident Hospital has insurance to cover said action."
 
 
 8
 However, use of the very publication which was employed here had been approved in advance by the bankruptcy court without the distinction drawn when Bean's claim surfaced having been made.[2] At that later date, the finding was made by the bankruptcy court that due process required that publication of notice be reasonably calculated to one in Bean's circumstances and the notice here was not so reasonably calculated.
 
 
 9
 There was no indication that Bean's existence was even known to the bankruptcy trustee at the time of publication or, indeed, at any time until he initiated his claim. Richmond, Virginia is 150 miles distant from Baltimore, Maryland where Provident is located. There is no significant reason to make knowledge as to claimants such as Bean in Richmond any more ascertainable by those acting for Provident than similar ones in any other place, San Francisco, California or Honolulu, Hawaii, for example.
 
 
 10
 The language of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950), concerned with whether publication in a local newspaper provided due process, is particularly apt:
 
 
 11
 Those beneficiaries represented by appellant whose interests or whereabouts could not with due diligence be ascertained come clearly within this category. As to them the statutory notice is sufficient. However great the odds that publication will never reach the eyes of such unknown parties, it is not in the typical case much more likely to fail than any of the choices open to legislators endeavoring to prescribe the best notice practicable.
 
 
 12
 Mullane at 318, dealing with what was adequate notice by a trustee to beneficiaries of a common trust fund, held that, in such a pooling arrangement, personal notice by ordinary mail was constitutionally necessary where names and addresses were on the trustee's books. Known beneficiaries to which mailing could be made were not reasonably calculated to be reached by publication.
 
 
 13
 The distinction between known and unknown persons is made in Tulsa Professional Collection Servs., Inc. v. Pope, 485 U.S. 478, 49091 (1988), for a creditor known or "reasonably ascertainable," for whom due process requires actual notice on the one hand and "creditors who are not 'reasonably ascertainable,' [for whom] publication notice can suffice" on the other. Id. at 490.
 
 
 14
 Bean was not "reasonably ascertainable" so the notice by publication was reasonably sufficient. In the circumstances of notice by publication authorized by the bankruptcy court and the absence of evidence of Bean's reasonable ascertainability, we approve the action of the district court in reversing the bankruptcy court's lifting of the stay. We thereby reinvigorate the bar. The action in approving of the automatic stay's application to Bean's claim is hereby
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Failure timely to file a claim by the Supplementary Bar Date fixed as November 7, 1986, would lead to the claim's being forever barred
 
 
 [2]
 It is to be noted that expansion of the notification to nationally circulated newspapers would have achieved nothing, for Bean, by answers to interrogatories, acknowledged that he "neither subscribed to, nor regularly read or reviewed, any newspapers, periodicals, or other publications."