In re AMERICAN PROPERTIES, INC., Debtor.

BOARD OF COUNTY COMMISSIONERS OF SEDGWICK COUNTY, KANSAS, Plaintiff,

v.

COLEMAN AMERICAN PROPERTIES, INC., A Kansas Corporation, and Fourth National Bank and Trust Co., Defendant.

Bankruptcy No. 80–40156.
Adv. No. 83–0073.

United States Bankruptcy Court, D. Kansas.

May 15, 1983.

**248**

Royce E. Wallace, Wichita, Kan., for creditor.

R. Pete Smith and Chris W. Henry, McDowell, Rice & Smith, Kansas City, Kan., for debtor.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

In this chapter 11 proceeding, issues of notice and the effect of confirmation are presented.

The issues presented for determination are:

1. Does a tax lien creditor have a claim in bankruptcy.

2. Was notice of the chapter 11 proceeding and the necessity of filing a claim received by the creditor.

3. What is the effect of confirmation when notice of the chapter 11 proceeding and the necessity of filing a claim was not received.

Briefs have been submitted and the Court is ready to rule.

### FINDINGS OF FACT

The debtor, American Properties, Inc., filed its chapter 11 petition for reorganization on March 5, 1980. An Order was entered on August 19, 1980 setting the final date for the filing of claims for September 9, 1980. According to the file, this Order was sent to "Sedgwick County". The Order was filed on August 26, 1980 (pleading # 74) and mailed to "Sedgwick County" on August 22, 1980 (pleading # 74) (hereinafter referred to as the August 22, 1980 order). From an examination of the file this was the first notice the debtor attempted to send to the Sedgwick County Board of County Commissioners (the Board) concerning any of the chapter 11 proceedings for this debtor, as borne out by the following chronological facts: The petition was filed March 5, 1980 but the debtor was given until March 12, 1980 to file its initial list of creditors (pleading # 7).

On March 14, 1980 a list of creditors was filed, but the Board was not included (pleading # 9). On March 26, 1980 and March 27, 1980 (pleading # 12) notice to creditors of the § 341 meeting was sent out but the Board was not notified.

On April 7, 1980 the debtor filed its schedule of debts (pleading # 17). A computer print-out creditor register was included, "Sedgwick County", P.O. Box 2909, Wichita, Kansas, 67201 was listed, but according to the file this pleading was never sent to the Board (see pleading # 18).

At a hearing held March 11, 1983 the following evidence was adduced:

All notices and mailings in this case were done by Electronic Processing, Inc. (EPI). R. Pete Smith, an officer and director of EPI testified concerning EPI procedures for mailings. Mr. Smith testified that all creditors listed on EPI's computer printout creditor register (exh. 2C) were mailed notice of the bankruptcy proceeding together with a Proof of Claim form. This mailing occurred on April 7, 1980. "Sedgwick County" was included on the creditor print-out list. Creditors on the computer register were mailed notice of the bankruptcy proceeding in the numerical sequence in which their claims were assigned in the computer register. Proof of claims were filed on the forms provided to creditors by this mailing by both the Douglas County Treasurer and the Reno County Treasurer. Douglas County was number 45 on the computer register and Reno County was number 37. Sedgwick County was number 38. Thus, creditors immediately preceding and immediately following "Sedgwick County" on the computer register received the notices mailed on April 7, 1980 and in fact timely filed claims.

Mr. Smith testified that no mail addressed to "Sedgwick County" was returned.

Mr. Smith testified that in the regular course of EPI's business all mail processed by EPI's computer service was mailed.

The Board has raised the issue of whether notice was properly addressed to the Board. The address used by the debtor in both the April and August notices was:

Sedgwick County
P.O. Box 2909
Wichita, Kansas 67201

The Board, in its post-hearing memorandum, contends the correct address is:

525 North Main
Wichita, Kansas 67203

Absolutely no evidence was adduced at the hearing to indicate the correct address. Absolutely no evidence was adduced at the hearing to indicate whether a letter addressed to "Sedgwick County" would find its way to the Board of County Commissioners of Sedgwick County, or the County Treasurer, or the attorney representing either County entity.

The debtor's schedules contained in the court file listed all debts, including the claim of "Sedgwick County" as "unliquidate." The April notice, alleged by the debtor to have been mailed to the Board, did not state that the Board's claim was unliquidated, disputed or contingent. Notice that debts were "unliquidate" or that claims were disputed was not specifically directed to each creditor, and was not specifically directed to "Sedgwick County" until the August 22, 1980 notice was mailed. The August 22, 1980 notice informed "Sedgwick County" that its claim was listed as "disputed" (in fact the claim of "Sedgwick County" was listed as "unliquidate", not disputed) and that "Sedgwick County" had until September 9, 1980 to file its claim.

A claim was not filed. To date, a claim has not been filed.

## CONCLUSIONS OF LAW

*1. Does a tax lien creditor have a claim in bankruptcy*

The terms claim, debt, and creditor are federally defined in the Bankruptcy Code and these definitions control.

In bankruptcy, a "creditor" is an "entity that has a *claim* against the debtor that arose at the time of or before the order for relief ...." 11 U.S.C. § 101(9). A debt is a "liability on a *claim*." 11 U.S.C. § 101(11). A "claim" is a "right to payment." 11 U.S.C. § 101(4)(A). The "right to payment" is not limited to an in personam right to payment from the debtor, nor is an in rem right to payment from the debtor's property excluded. In chapter 11 cases,

Congress contemplated that creditors with non-recourse in rem rights to payment would automatically have recourse in personam against the debtor under 11 U.S.C. § 1111(b)(1). Furthermore, creditors with liens on property such as statutory tax liens, have a secured claim in bankruptcy "to the extent of the value of their interests in the estate's interest in such property . . . ." 11 U.S.C. § 506(a). See also 1 Norton Bankruptcy Law and Practice § 28.23 (1981).

Thus, whether or not a tax authority is a "creditor" owed a debt under state law, the taxing authority is a "creditor" owed a "debt" and has a "claim" in a bankruptcy proceeding. *New York v. New York, N.H. & Hartford R.R.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953).

### 2. Notice

■ When mail is properly addressed, stamped and deposited in the mail system, there is a presumption it was received by the party to whom it was sent. See, e.g., *Legille v. Dann*, 544 F.2d 1 (D.C.Cir.1976). Proper mailing, however, must be proved before the presumption is activated. Id. *Simpson v. Jefferson Standard Life Ins. Co.*, 465 F.2d 1320 (6th Cir.1972). Proof of custom of mailing is sufficient to carry the burden of proper mailing, see *Simpson v. Jefferson Standard Life Ins. Co.*, 465 F.2d 1320 (6th Cir.1982); *Gulf Coast. Invest. Corp. v. Secretary of Housing and Urban Devel.*, 509 F.Supp. 1321 (E.D.La.1980); *J.I. Case Co. v. Sinning Bros. Motor Co.*, 137 Kan. 581, 21 P.2d 328 (1933), and proof of customary and usual computer procedures is sufficient to show adherence to a usual and customary procedure. *Gulf Coast Invest. Corp. v. Secretary of H.U.D.*, 509 F.Supp. 1321 (E.D.La.1980). The mailing employee need not testify. *J.I. Case Co. v. Sinning Bros. Motor Co.*, 137 Kan. 581, 583, 21 P.2d 328, 330 (1933).

■ If the proper and correct address was not used the presumption cannot be activated. *Illinois Central R.R. v. Ready Mix Concrete, Inc.*, 323 F.Supp. 609 (E.D. La.1971). A higher standard of correctness is required when the addressee is a private entity. See, e.g., *Julian C. Cohen Salvation Corp. v. Eastern Elec. Sales Co.*, 205 Pa.Super. 26, 206 A.2d 331 (1965). Where an address is slightly incorrect, however, most courts appear to hold that the presumption is weakened, but still raised. See, e.g., *Mary Fletcher Hospital v. City of Barre*, 117 Vt. 430, 94 A.2d 226 (1953); *Womack v. United States Fidelity and Guaranty Co.*, 85 Ga.App. 564, 69 S.E.2d 812 (1952). Where an addressee is a well known public entity or business, a more general and less definite address or designation has been required. See, e.g., *Barnet v. Norton*, 90 Vt. 544, 99 A. 238 (1916); *American Surety Co. v. Blake*, 54 Idaho 1, 27 P.2d 972 (1933).

■ Denial of receipt does not, as a matter of law, rebut the presumption, but rather creates a question of fact. See, e.g., *Swink & Co. v. Carroll McEntee & McGinley, Inc.*, 266 Ark. 279, 584 S.W.2d 393 (1979).

In the instant case, there is a dispute whether notice was property addressed to the Board. The address used by the debtor in both the April and August notices was:

Sedgwick County
P.O. Box 2909
Wichita, Kansas 67201

The Board contends the correct address is:

525 North Main
Wichita, Kansas 67203

The problem here is that neither the debtor nor the Board presented evidence at the hearing concerning the correct address, the degree of inaccuracy of the debtor's address, nor whether the debtor's address would have reached the Board.

In its memorandum brief of April 1, 1983, the Board alleges the correct post office address is 525 North Main, Wichita, Kansas, 67203, but the Court can accept this only as an allegation, raising an issue of whether the address used by the debtor was correct.

■ In the debtor's reply of April 21, 1983 it states:

. . . notices from the Sedgwick County Treasurer require mailing to P.O. Box

2909, Wichita, Kansas, which was the address familiar to and within the defendant's [debtor's] possession when making up its list of creditors. Further all prior correspondence or payments had always been directed to this post office box address and no correspondence or payments were ever returned. A simple check with the Sedgwick County Treasurer indicates that in fact property owners are directed to make their payments to Sedgwick County at the Post Office Box 2909 address. It is inconceivable that a notice mailed to this address which appears on forms used by the Sedgwick County Treasurer would not in fact reach the Sedgwick County Treasurer.

Absolutely none of the allegations by the debtor in this reply are in evidence. The debtor's officers did not testify. Therefore, the Court has no knowledge of the debtor's "familiarity" with the address given. The Court does not know the address to which "prior correspondence" was addressed. The Court cannot and will not make a "simple check" with the Sedgwick County Treasurer. The Court is without evidence to agree or disagree as to the "inconceivability" of whether mail was delivered. Rather, the Court is only in a position to simply hold that the debtor had the burden of proving facts sufficient to raise the presumption of receipt. One of those facts the debtor had to prove was the correctness of the address it used. The debtor proved it used *an* address. That address was challenged. The debtor failed to prove any of its many allegations contained in its reply memorandum. Inference of mailing does not imply that the letter was properly addressed. 29 Am. Jur.2d Evidence § 196 at 250 (1967). Therefore, the Court must conclude the debtor did not carry its burden of proving the facts essential to raise the mailing and receipt presumption.

■ Accordingly, the Court holds the Board did not receive proper notice of this bankruptcy proceeding in April, 1980. Furthermore, although the debtor alleges that the August 22, 1980 notice was sent to the Board informing it that claims filed after September 9, 1980 would not be allowed,

this notice addressed to Sedgwick County was also mailed to the disputed address as reflected in the certificate of service (pleading # 74 in the Court file). Thus, there is no showing that the Board was ever notified that its claim was disputed or that the Board received the August 22, 1980 notice of the bankruptcy proceeding.

### 3. Effect of Confirmation When Notice not Received

■ Some older cases hold that a creditor is bound by a confirmed plan, whether or not it had notice. See, e.g., *North American Car Corp. v. Peerless Weighing and Vending Mach. Corp.,* 143 F.2d 938 (2nd Cir.1944); 6A Collier on Bankruptcy ¶ 11.13 at 275 (14th Ed.1977). More recent cases have held a creditor has the right to assume that proper and adequate notice will be provided before its claim is forever barred. *In Re Intaco Puerto Rico, Inc.,* 494 F.2d 94, 99 (1st Cir.1974). See also *New York v. New York, N.H. & Hartford R.R.,* 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953). Certainly due process requires that notice be fundamentally fair, and reasonably calculated to apprise interested parties. See *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); 4 C. Wright & A. Miller, Federal Practice and Procedure § 1074 at 301 (1969).

■ The Court has held the Board did not receive notice in April, 1980 or August, 1980. Thus, there was not notice to the Board that this Court could find to be either fundamentally fair nor reasonably calculated to apprise interested parties, and the Board is constitutionally not bound by the terms of the debtor's confirmed plan.

The Board's complaint requested that the Court enter an order finding that its tax lien is a first and prior lien enforceable pursuant to the laws of the State of Kansas. The Board also requested relief from the stay to allow immediate foreclosure of its lien.

Pursuant to 11 U.S.C. § 362(c)(2), however, the automatic stay continues until the earliest of:

> (c) if the case is . . . a case under chapter . . . 11 . . . of this title, the time a discharge is granted or denied.

A discharge was granted on March 31, 1982 when the order confirming the plan was entered. 11 U.S.C. § 1141(d). Thus, there is no automatic stay in effect now. Because the Board did not receive " 'reasonable notice' . . . before their claims [were] forever barred" its lien is not constitutionally affected by the confirmation order. *New York v. New York, N.H. & Hartford R.R.,* 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953).

The Court, however, will delay the effect of this order and stay any action by the Board for 20 days pursuant to 11 U.S.C. § 105 in order to afford the debtor an opportunity to take whatever action it deems appropriate.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 752 and Rule 52(a) of the Federal Rules of Civil Procedure.