In re Roger Bert **RICKETTS** and Nancy **Ricketts**, Debtors.

John M. **OSBORN**, an individual, Appellant,

v.

Roger Bert **RICKETTS** and Nancy **Ricketts**, Appellees.

Bankruptcy No. 285–04985–D–7.
BAP No. EC–86–1681 VMoJ.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted Jan. 22, 1987.

Decided Aug. 18, 1987.

Concurring Opinion Oct. 5, 1987.

Mary E. Olden, McDonough, Holland & Allen, Sacramento, Cal., for appellant.

Martin B. Brifman, Sacramento, Cal., for appellees.

Before VOLINN, MOOREMAN and JONES, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge.

### I.

Roger Ricketts, the debtor, worked for a brokerage house. John Osborn, the appellant, was a personal friend and business acquaintance of the Ricketts. Over a period of years, beginning in 1979, Osborn placed over $200,000 in funds and assets with Ricketts for the purpose of investment. While some portion of these funds was eventually returned to Osborn, by 1985 he realized that return on his investments had been irregular and he would not be fully reimbursed. During "many months" in 1985, settlement negotiations were attempted.

On December 16, 1985, Ricketts filed a Chapter 7 petition. In January 1986 he personally told Osborn of his bankruptcy case. Osborn replied that he intended to bring a nondischargeability complaint on the basis of fraud and defalcation.

Osborn claims never to have received any notice from the bankruptcy court relative to Ricketts' Chapter 7 case or the bar dates set therein. Nevertheless, the bankruptcy court's mailing matrix lists Osborn as a creditor and gives his correct address. The records from the clerk's office indicate that notice of the meeting of creditors, pursuant to 11 U.S.C. § 341, and of the discharge bar date was dated and mailed to creditors on January 13, 1986. This notice set February 7, 1986 as the 341 meeting date and April 8, 1986 as the bar date.

Counsel for Osborn inspected and obtained from the bankruptcy court, copies of those documents that were in the debtor's file as of January 10, 1986. These records reflected no scheduled meetings or bar dates. Counsel did not again inspect the record until May 9, 1986, which was 31 days after April 8, 1986, the bar date set for filing nondischargeability actions.

Osborn brought a motion for extension of time in which to file a nondischargeability complaint. The motion was predicated on Rule 60(b) of the Federal Rules of Civil Procedure, i.e., mistake, inadvertence or excusable neglect. After a hearing on June 23, 1986, the court denied Osborn's motion by order entered July 7, 1986. The court cited Bankruptcy Rules 4007(c) and 9006(b)(3), as well as In re Rhodes, 61 B.R. 626 (9th Cir. BAP 1986), as the basis for its decision. Osborn appeals from the court's order denying his request for extension of time.

### II.

#### A.

■ Under the current Bankruptcy Rules, Rule 60(b) of the Federal Rules of Civil Procedure, Relief From Judgment or Order for Mistakes, Inadvertence or Excusable Neglect, has been written out of certain sections of the Code and Bankruptcy Rules. Rule 60(b) no longer applies to the deadline for filing nondischargeability complaints under Bankruptcy Rule 4007(c). This Panel recently held, in In re Rhodes, 61 B.R. at 629:

> the bankruptcy court has no discretion to enlarge the time for filing a complaint to determine dischargeability if the request is made after the deadline for filing the complaint. See, e.g., In re Barr, 47 B.R. 334, 336 (Bankr.E.D.N.Y.1985), and cases cited therein. BR 4007(c) expressly requires motions for enlargement of time

to be made "before the time [deadline] has expired." BR 9006(b)(3) provides that the court "may enlarge the time for taking action under Rule[s] ... 4007(c) only to the extent and under the conditions stated in those rules." The Advisory Committee Note commenting on BR 4007(c) flatly states: "If a complaint is not timely filed, the debt is discharged." The Preliminary Draft of Proposed Bankruptcy Rules, dated November 1985, does not recommend that any of these rules be changed.

The rule of *Rhodes* and of Bankruptcy Rule 9006(b)(3) applies to the instant case. As in *Rhodes*, appellant had actual knowledge of the bankruptcy case. Such knowledge put him on inquiry notice as to the bankruptcy bar dates and deadlines. The failure of appellant's attorney to examine the debtor's bankruptcy file between January 10 and May 9 creates no basis for an exception to the rule of *Rhodes*.

### B.

■ Appellant denies receiving the bankruptcy court's January 13 notice, although his name appears on the court's mailing matrix. Where the bankruptcy court record shows a certificate of mailing and a complaining party submits an affidavit declaring notice was not received, the weight of the evidence favors the court's certificate. If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled. For this reason, an allegation that no notice was received does not, by itself, rebut the presumption of proper notice. *In re American Properties*, 30 B.R. 247, 250 (Bankr. D.Kan.1983).

### III.

■ The appellant suggests that the notice of the creditors' meeting and of the nondischargeability claims bar date should have been mailed not on January 13, as happened here, but at least eight days earlier on January 5 or before. Bankruptcy Rule 2002(a)(1) requires at least 20 days notice of the meeting of creditors. Rule 2003(a) requires that the meeting be held within 20 to 40 days after the order for relief or filing date, which in this case was December 16, 1985. Appellant claims that had the notice been mailed timely on or before January 5, then his request for documents from the file on January 10 would have uncovered notice of the bar date. Considering the time lag in the filing of documents, there is no assurance that the bankruptcy file will contain the document providing notice of the bar date for nondischargeability claims on the date that notice is mailed. Further, the happenstance of a later date for the Section 341 meeting was not a contributory factor to applicant's failure to react to the bar date notice which the clerk mailed and which he is presumed to have received. In any event, the apparent absence of the document did not diminish nor relieve appellant's duty to further inquire since, at best, the file should reflect that a bar date had not been set.

As appellant notes, in certain special circumstances, bankruptcy courts have invoked their equitable powers to extend ostensibly inflexible deadlines under the Bankruptcy Rules. In *In re Riso*, 57 B.R. 789 (D.N.H.1986), the second bankruptcy court to have jurisdiction over the case in question issued a second deadline for filing nondischargeability complaints. When a creditor relied on the second and later deadline, the bankruptcy court permitted the creditor to file his objection to discharge, although it was filed beyond the period prescribed by Rule 4004(a). The District Court affirmed the bankruptcy court's "inherent equitable power to correct its own mistake to present [sic] an injustice." 57 B.R. at 793. In *Riso*, however, the clerk's office circulated an erroneous deadline upon which creditors relied. Here, appellant claims to have relied on the *absence* of notice papers in the file. As indicated, this absence did not relieve appellant of the duty to inquire further and cannot be equated with the affirmative and misleading error of the clerk's office in *Riso*. In *In re Schwartz & Meyers*, 64 B.R. 948 (Bankr.S.D.N.Y.1986), timely no-

tice from the clerk's office indicating bar dates for claims and the date of the creditors' meeting failed to state that the final date for filing nondischargeability complaints was July 2, 1985, 60 days after the first scheduled meeting of creditors. The clerk's office sought to correct this omission by mailing out a new notice, which set a new date for nondischargeability complaints 60 days from the date of the new mailing. Nondischargeability complaints filed before the second bar date were heard by the bankruptcy court. Unlike the case on appeal here, in *Schwartz & Meyers*, there was an undisputed record of the failure to set a bar date by the clerk's office. *Accord, South Dakota Cement Plant v. Jimco Ready Mix Co.*, 57 B.R. 396, 397 (D.S.D.1986). In the case before this Panel, a bar date was set in the January 13 notice.

Appellant knew of the ongoing bankruptcy case and was thereby placed on inquiry notice as to the impending meetings and deadlines in bankruptcy proceedings. *Matter of Gregory*, 705 F.2d 1118, 1123 (9th Cir.1983). Had inquiry been seasonably made he would have discovered the bar date for nondischargeability complaints. The bankruptcy court's denial of appellant's motion for extension of time in which to bring his nondischargeability complaint was a proper exercise of its discretion.

AFFIRMED.

JONES, Bankruptcy Judge, concurring.

Although I agree with the majority's disposition of the present case, I wish to express my concern regarding due process requirements in cases such as the one at bar. The Due Process Clause of the fifth amendment states that no person shall "be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. Essentially, "due process of law," in the procedural sense, means notice and an opportunity to be heard. *See Anderson Nat'l. Bank v. Luckett*, 321 U.S. 233, 246, 64 S.Ct. 599, 606, 88 L.Ed. 692 (1944). "Notice" must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (citations omitted).

The Bankruptcy Rules establish a bar date before which complaints to determine the dischargeability of debts must be filed. Bankruptcy Rule 4007(c). Debts for which no complaint has been timely filed are discharged. 11 U.S.C. section 523(c). Generally, a discharge prevents the creditor from ever recovering or attempting to recover discharged debts. 11 U.S.C. section 524. Due process requires that a creditor be furnished notice of the bar date, *In re American Properties, Inc.*, 30 B.R. 247, 250–51 (Bankr.D.Kan.1983), and the Bankruptcy Rules provide for such notice. Rules 4007(c) and 2002(a) require the court to give notice by mail to all creditors 30 days prior to the bar date. When such notice is given, the dictates of due process are satisfied as such notice is reasonably calculated under the circumstances to apprise the creditor of the need to act promptly. *See Mullane*, 339 U.S. at 314, 70 S.Ct. at 657. When such notice is not given, the requirements of due process are not satisfied. *See American Properties*, 30 B.R. at 251. Merely showing that the creditor or creditor's counsel was aware of the pendency of the bankruptcy proceeding is not sufficient. *See Reliable Electric Co. v. Olson Constr. Co.*, 726 F.2d 620, 622 (10th Cir.1984) (creditor with knowledge or pendency of bankruptcy proceeding denied due process when not given notice of plan confirmation hearing).

Mail that is properly addressed, stamped and deposited into the mails is presumed to be received by the addressee. *American Properties*, 30 B.R. at 250. A certificate of mailing stating that notice of the bar dates was sent to all creditors or proof of a custom of mailing, raises the presumption that notices were properly mailed and therefore received. *Id.* The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished. Evidence might include testimony of a clerk's office employee that notice was not sent or proof that

none of the listed creditors received notice. An allegation by the complaining creditor or its counsel that no notice was received, by itself, does not overcome the presumption.

The bankruptcy court customarily sends notice of the bar date to all creditors and the docket in this case indicates this was done. Thus, the presumption of mailing is raised here. Appellant has not overcome the presumption. Appellant's counsel was not listed on the mailing matrix but Appellant was listed. Appellant merely claims that he did not receive the notice despite being correctly listed on the matrix. Appellant does not assert that the clerk's office failed to mail the notice to appellant and there is no evidence that all or a substantial number of other creditors failed to receive notice. Under these circumstances, there is no basis for concluding that appellant was not sent notice of the bar date. Accordingly, I would vote to affirm.