**Richard G. GAUMER,**
**Petitioner/Plaintiff,**

**v.**

**UNITED STATES of America, et al.,**
**Respondents/Defendants.**

**No. C87–1783.**

United States District Court,
N.D. Ohio, E.D.

Feb. 9, 1988.

Richard G. Gaumer, pro se.

J. William Sikora, Asst. U.S. Atty., Cleveland, Ohio, Gerald C. Miller, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondents/defendants.

MEMORANDUM AND ORDER

WHITE, District Judge.

This is a proceeding to quash an Internal Revenue Service Summons pursuant to 26 U.S.C. § 7609(b). The government has filed a motion to dismiss or for summary judgment on grounds that the commencement and maintenance of the action is barred by the sovereign immunity of the United States and that the Court lacks subject matter jurisdiction to entertain the proceeding.

26 U.S.C. § 7609(b)(2)(A) provides: —Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceed-

ing to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

The IRS summons was served upon the Wortzman Company requiring production of records pertaining to Richard G. and Sandra K. Gaumer and/or Vernon Kroehle & Associates. Richard Gaumer, as a person identified in an IRS summons, has the right to receive notice of the summons and is entitled to bring a proceeding to quash the summons. *See* 26 U.S.C. § 7609(a)(1).

The government argues that the petitioner did not comply with 26 U.S.C. § 7609(b)(2)(B) which states:

—If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20–day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

The petitioner agrees that he mailed the required notice to the Secretary one day late but contends that the statute does not require such notice be mailed within the 20 day period.

 Petitioner has interpreted § 7609(b)(2)(B) incorrectly. There is a comma after the word "summons" which requires a pause at that point. When the statute is read with a pause it must be interpreted to mean that the person that begins a proceeding within 20 days of notice of the summons must also mail a copy of the petition to the proper IRS agent within that 20 day period.

26. C.F.R. § 301.7609–3(b)(2) sets forth the elements necessary to institute a proceeding to quash. The regulation requires a person who desires to begin such proceeding to file a petition to quash, notify the Service by sending a copy by registered or certified mail to the Service employee and office designated to receive the copy and notice of summons that was given to the notified person and notify the recordkeeper by sending by registered or certified mail a copy of the petition. These elements must be satisfied not later than the 20th day following the day the notice of the summons was served or mailed to such notified person.

In *Maikranz v. United States*, 612 F.Supp. 590 (SD Ind 1985), the court held that failure to comply strictly with § 7609(b)(2)(B) by sending a copy of the petition to the issuing agent within 20 days after notice was given requires a conclusion that the United States did not waive its sovereign immunity and the petition to quash the summons must be dismissed.

Accordingly, the motion of the respondent United States to dismiss for lack of jurisdiction is granted. Since the action is dismissed on respondent's motion the Court need not consider the petitioner's motion for summary judgment.

IT IS SO ORDERED.