**In re Norman R. BARNES and Peggy A. Barnes, individually, and as a 50% General Partner of the business known as Carpet Image, Debtors.**

**Bankruptcy No. BK 89–40964.**

United States Bankruptcy Court, S.D. Illinois.

May 31, 1990.

J. Marc Macklin, DuQuoin, Ill., for debtors.

Pieter Schmidt, Carbondale, Ill., for General Elec. Capital Corp.

### MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on the motion of General Electric Capital Corporation ("General Electric") to extend the time

for filing a complaint to determine dischargeability of debt.[1] General Electric contends that neither it nor its counsel received notice of the debtors' bankruptcy case until after the date for filing dischargeability complaints had passed, despite having been listed as a creditor on the debtors' bankruptcy petition. General Electric seeks an extension of time to file its dischargeability complaint, asserting that Bankruptcy Rule 4007(c) allows such an extension and that denial of an extension would violate its Fifth Amendment due process rights and would be inequitable.

On October 2, 1989, Norman and Peggy Barnes ("debtors") filed a petition for relief under Chapter 7 of the Bankruptcy Code. The debtors' list of creditors contained the name of General Electric Credit Corporation, which General Electric concedes is the same entity as General Electric Capital Corporation and has the same address. The date of November 8, 1989, was set for the section 341 meeting of creditors, making January 9, 1990, the deadline for filing discharge and dischargeability complaints. *See* Bankruptcy Rule 4007(c). The Court provided notice of both dates to "[a]ll creditors listed in [the debtors'] schedules/matrix" as evidenced by a certificate of mailing dated October 2, 1989. General Electric contends that neither it nor its attorney received this notice from the Court.

General Electric subsequently filed a state court action against the debtors on November 13, 1989, and service of process was obtained as to the debtors on November 17, 1989. On November 22, 1989, a "suggestion of bankruptcy" was filed in the state court proceeding, which contained a proof of service indicating that a copy had been mailed to General Electric's attorney on November 21, 1989. General Electric's attorney contends that he did not receive this copy and that he was unaware of the filing of the debtors' bankruptcy case until the state court sent him a copy of the suggestion of bankruptcy on January 22, 1990, after the bar date for filing

discharge and dischargeability complaints had passed.

General Electric's motion for extension of time to file a dischargeability complaint is accompanied by affidavits from Michael Tucker, the manager of General Electric's Legal Recovery Department, and from Pieter Schmidt, General Electric's attorney. Mr. Tucker's affidavit states that he conducted a complete search of the records and files of General Electric and

> determined that [General Electric] did not receive notice of the [debtors'] Chapter 7 filing from the court, or from any other source, until notified of such filing by Pieter N. Schmidt, attorney for [General Electric] on January 23, 1990....

Mr. Schmidt's affidavit likewise states that he conducted a complete search of all file materials in his office relating to the debtors and concluded that none of these materials contained documents that would have provided notice of the pending bankruptcy action prior to January 22, 1990. Mr. Schmidt stated that he first acquired knowledge of the debtors' bankruptcy filing on January 22, 1990, and that he did not receive notice of the first meeting of creditors or the suggestion of bankruptcy filed in the state court action or "any other notice" of the pending bankruptcy action prior to that date.

Bankruptcy Rule 4007(c) provides:

> A complaint to determine the dischargeability of any debt pursuant to section 523(c) of the Code *shall* be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to section 341(a). *The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002.* On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.*

Bankr. Rule 4007(c) (emphasis added).

General Electric argues that Rule 4007(c) should not be strictly enforced in the

---

**1.** General Electric's complaint consists of three counts alleging nondischargeability of debt under 11 U.S.C. §§ 523(a)(4) and (a)(6). General Electric is thus required to file its complaint within the required time period or have its debt discharged. 11 U.S.C. § 523(c).

present case because General Electric did not receive 30 days notice of the applicable bar date as required by Rule 4007(c). General Electric asserts that the seemingly inflexible deadlines of Rule 4007(c) may be extended where, as in this case, it is necessary to prevent injustice.

It is almost universally accepted that the provisions of Rule 4007(c) are mandatory and "do not allow the Court any discretion to grant a *late filed* motion to extend time to file a dischargeability complaint." *In re Alton*, 837 F.2d 457, 459 (11th Cir.1988) (emphasis in original). Rule 4007(c) expressly requires motions for enlargement of time to be made "before the time [deadline] has expired," and Rule 9006(b)(3), pertaining to enlargement of time periods generally, states that the court may enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions stated in [that Rule]." Bankr. Rule 9006(b)(3).

General Electric, while acknowledging that it was properly listed as a creditor in the debtors' bankruptcy filing, asserts that it did not receive the notice of bar dates that was mailed by the Court to all listed creditors.[2] As support for this assertion, General Electric relies on the affidavits of its employee and its attorney stating that no notice was received.

 The bankruptcy file contains a certificate of mailing which certifies that notice of the bar dates was mailed to General Electric as a creditor according to standard procedures. There is a strong presumption that creditors listed on the certificate of mailing received the required notice. *See In re Bucknum*, 105 B.R. 25

(Bankr. 9th Cir.1989); *In re Ricketts*, 80 B.R. 495 (Bankr. 9th Cir.1987). Where the court file shows a certificate of mailing and a complaining party submits an affidavit declaring notice was not received, the weight of the evidence favors the court's certificate. As stated in *Ricketts:*

> If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates would come unraveled.

80 B.R. at 497. For this reason, an allegation that no notice was received does not, by itself, rebut the presumption of proper notice. *Id.*

 In order to rebut this presumption, General Electric was required to introduce evidence above mere denials in the affidavits submitted by its employee and its attorney. *See In re Bucknum.* General Electric admitted that the address supplied to the Court by the debtors was correct, giving rise to the presumption of proper receipt. *Cf. In re American Properties, Inc.*, 30 B.R. 247 (Bankr.D.Kan. 1983): creditor challenged the address supplied by the debtor for mailing notices of bar dates, and debtor failed to prove the correctness of the address. General Electric introduced no evidence that would raise a factual issue as to whether it received the notice mailed by the Court. In the absence of such evidence, the Court finds General Electric has failed to overcome the presumption that it received the notice of bar dates that was correctly addressed and mailed to it.[3]

**2.** Because General Electric was properly listed by the debtors as a creditor, this case is not governed by § 523(a)(3)(B), which provides that debts of unlisted creditors will be excepted from discharge unless the creditor had notice or actual knowledge of the case in time to file a dischargeability complaint. In that instance, there would be no need to seek extension of time to file a dischargeability complaint under § 523(c) because the debt would not be discharged in the absence of notice or knowledge. *See* 8 *Collier on Bankruptcy* ¶ 4007.05[3][a], at 4007–13 (15th ed. 1989).

**3.** A further presumption of receipt of notice of the debtors' bankruptcy is raised by the "suggestion of bankruptcy" filed in state court, which contained a proof of service showing that a copy had been mailed to General Electric's attorney on November 21, 1989. As in the case of the Court's notice of bar dates, General Electric has offered no evidence to overcome the presumption arising from proof of mailing. *Cf. In re Fiveson*, 92 B.R. 544 (Bankr.S.D.Fla.1988): court found that creditors had notice of bankruptcy based on presumption of receipt of notice from proof that "suggestion of bankruptcy" was mailed to creditors' attorney.

From this finding, it follows that General Electric had notice of the bar dates for filing dischargeability complaints as a result of the Court's notice mailed on October 2, 1989. This notice complied with the requirements of Rule 4007(c) that a creditor receive 30 days notice of the time fixed for filing dischargeability complaints.

The present case does not involve special circumstances like those in *In re Riso*, 57 B.R. 789 (D.N.H.1986), which would invoke the Court's inherent equitable powers. In that case, the debtor's bankruptcy case was transferred to another bankruptcy court after filing, and that court issued a second deadline for filing discharge and dischargeability complaints. When a creditor relied on the second and later deadline, the bankruptcy court permitted the creditor to file his objection to discharge even though it was filed beyond the prescribed period.[4] The district court affirmed, holding that the bankruptcy court had the "inherent equitable power" to correct its own mistake to prevent an injustice. *Id.* at 793.

Here, there has been no allegation that the Court's notice was issued erroneously. General Electric, stating that it is unclear whose mistakes or errors were responsible for its claimed lack of notice, asserts that it would be an injustice to enforce the time limits of Rule 4007(c) as written. The Court has found that General Electric had the required notice based on the presumption arising from the Court's certificate of mailing. In the absence of an affirmative or misleading error by the Court as was found in *Riso*, there is no equitable basis for extending the strict limits of Rule 4007(c) in the instant case.

General Electric's argument that denial of its motion for extension would violate its due process rights is likewise without merit. It is axiomatic that a creditor has the right to assume that proper, adequate, and constitutional notice will be provided before its claim is forever barred. *In re Eliscu*, 85 B.R. 480 (Bankr.N.D.Ill.1988). As stated above, the evidence here shows that General Electric received such notice of the

applicable time limits, and no violation of its due process rights occurred.

IT IS ORDERED, therefore, that General Electric's motion for extension of time to file a dischargeability complaint is DENIED.

---

4. Rule 4004(a), setting forth the applicable time period for filing objections to discharge under Chapter 7, is similar to Rule 4007(c) regarding dischargeability complaints.