In re Frederick A. RODOLFY a/k/a
Fred A. Rodolfy, Debtor.

Kenneth J. WILSON, Movant,

v.

Frederick A. RODOLFY a/k/a Fred A.
Rodolfy and George E. Clark, Jr.,
Esq., Trustee, Respondents.

Bankruptcy No. 5–90–00361.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

Aug. 12, 1992.

Ronald V. Santora, Wilkes–Barre, PA, for movant.

John H. Doran, Wilkes–Barre, PA, for debtor/respondent.

George E. Clark, Scranton, PA, trustee/respondent.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

This matter is before the Court on an Application of Kenneth J. Wilson, (hereinafter "Wilson"), requesting an extension of time to file a Complaint to Determine Dischargeability. For the reasons provided herein, the Motion is denied.

On or about March 24, 1987, Wilson obtained a judgment in the United States District Court for the Southern District of New York against the Debtor in the approximate amount of Forty–Seven Thousand Four Hundred Thirteen and 40/100 Dollars ($47,413.40). Thereafter, on April 9, 1990, the Debtor filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code to case number 5–90–

00361. The Debtor received a Discharge on July 30, 1990. On August 28, 1990, Wilson filed the instant Application to Extend Time to File Complaint to Determine Dischargeability of a debt. Wilson's business address at the time was 2545 Vestal Parkway East, Vestal, New York 13850. The mailing matrix for this bankruptcy case reflects Wilson's address as 2545 Vestal Parkign (sic), Vestal, New York.

Based upon these facts, Wilson asserts, inter alia, that the mailing address was inaccurate and that he never received notice of the bankruptcy until such time as was beyond the deadline to file Complaints objecting to the dischargeability of the debt allegedly owed to him. The Debtor's response is to seek denial of the Motion for extension of time and, in support, draws this Court's attention to the fact that Wilson received the discharge notice and that the Clerk's office did not receive returned mail with Wilson's address.

### DISCUSSION

Based upon the above facts and legal arguments by the parties, this Court is requested to draw its attention to an oft visited area of bankruptcy procedural law. The Rule which prescribes the procedure to follow when a party requests a determination as to the dischargeability of a debt pursuant to 11 U.S.C. § 523 of the Bankruptcy Code is found in Federal Rule of Bankruptcy Procedure 4007(c) which provides as follows:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

A review of existing case law provides this Court much guidance in determining whether or not the present facts will permit an extension of time to file the Complaint. In the case of *In Re Pace*, 130 B.R. 338 (Bankr.N.D.Fla.1991), at page 340, the Court writes the following:

The purpose of the time limits set by Bankruptcy Rules 4007(c) and 4004(a) is the swift administration of bankruptcy estates, and "the 'fresh start' goals of bankruptcy relief [which allow] a debtor to 'enjoy finality and certainty in relief from financial distress as quickly as possible.'" *In re Santos*, 112 B.R. 1001, 1006 (9th Cir. BAP 1990) (citations omitted). In addition to the purpose of time limitations, "[i]t is well accepted that the bankruptcy court is guided by the principles of equity, and that the court will act to assure that 'fraud will not prevail, *that substance will not give way to form*, that technical considerations will not prevent substantial justice from being done.'" *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir. 1985) (emphasis added).

Additionally, the Court, in *In Re Barr*, 47 B.R. 334 (Bankr.E.D.NY 1985), at page 336, writes:

Clearly, the Bankruptcy Rules do not contemplate the concept of excusable neglect in the context of Rule 4007(c). Having examined Rules 4007(c) and 9006, it becomes evident that the court has discretion to enlarge the time to file a complaint to determine the dischargeability of a debt only if the request for enlargement is made *before* the filing deadline. The court has no discretion to grant such a request when it is made after the deadline has past. *See, In re Floyd*, 37 B.R. 890 (Bankr.N.D.Texas 1984); *In re Lane*, 37 B.R. 410, 11 B.C.D. 707 (Bankr.E.D.Va.1984); *In re Waldman*, 33 B.R. 328, 11 B.C.D. 81 (Bankr. S.D.N.Y.1983); *In re Johnson*, 35 B.R. 79 (Bankr.Conn.1983). "It is clear that by prohibiting that which it formerly permitted, Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to discharge of

a claim." *In re Figueroa,* 33 B.R. 298, 300 (Bankr.S.D.N.Y.1983).

With this policy and the theory behind the time limitations imposed by Bankruptcy Rule 4007(c), we now analyze the facts and arguments presented in this case. Initially, we note that of primary importance to this Court's evaluation is the fact that Wilson does not argue that he was never listed on the matrix or schedules and, further, that the notice in question was never sent. He asserts, however, that the incorrect and incomplete address did not permit receipt of the mail in a timely manner in which to review the case and then file an objection to the dischargeability of the debt.

The Application for extension was filed far outside of the original time period contemplated by Bankruptcy Rule 4007(c). But this Court will not base its denial of Plaintiff's Motion on this alone.

Also of significance is the fact that the discharge notice received by Wilson, only two (2) days after its mailing, was to the same address as provided on the matrix and as quoted above. Other courts have looked to the presumption of receipt of mail and the failure of a return of mailings to the Clerk's office to be of significance. See *In re Walker,* 125 B.R. 177 (Bankr. E.D.Mich.1990) citing *In re Longardner & Assoc., Inc.,* 855 F.2d 455, 460 (7th Cir. 1988), *cert. denied,* 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989); *In re STN Enterprises, Inc.,* 94 B.R. 329, 334 (Bankr. D.Vt.1988); and *In re Lee & Sons, Inc.,* 95 B.R. 316, 319 (Bankr.M.D.Pa.1989). All these cases deal with either an incorrect or incomplete address and a failure in each case to prove that the defective address resulted in non-delivery of the mail. Each case also stands for the proposition that the presumption of receipt of mail is stronger by the fact that the mail was not returned to the Clerk's office. In fact, the creditor in the *In re STN Enterprises, Inc.* case *supra,* had received other mailings from the Clerk's Office with the same incorrect zip code.

Finally, the case of *In re Barnes,* 114 B.R. 579 (Bkrtcy.S.D.Ill.1990), at page 581, citing *In re Ricketts,* 80 B.R. 495 (Bankr. 9th Cir.1987) provides:

> Where the court file shows a certificate of mailing and a complaining party submits an affidavit declaring notice was not received, the weight of the evidence favors the court's certificate. As stated in *Ricketts:*
>
>> If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates would come unraveled.
>
> 80 B.R. at 497. For this reason, an allegation that no notice was received does not, by itself, rebut the presumption of proper notice. *Id.*

The docket reflects and the Clerk has certified that no mail bearing Wilson's name or address was returned to the Clerk's Office. Wilson has presented no evidence to rebut the presumption of receipt of mail.

In addition to Wilson alleging that he never received the mailing, he has directed our attention to some of his efforts in the past, including the hiring of numerous attorneys and the expending of considerable time to obtain a judgment three (3) years prior to the filing of the instant bankruptcy. While Wilson's past actions to obtain the judgment in the District Court in 1987 may have personal significance to him, these facts do not rebut the presumption of the receipt of the original notice sent out by this Court setting up the date for objecting to discharge. This Court simply cannot make this leap of faith requested by Wilson.

Consequently, based upon the foregoing, we deny the Application to Extend Time to File Complaint to Determine Dischargeability.

IT IS SO ORDERED.