In re JEWELCOR, INC., et al., Debtors.

Bankruptcy Nos. 1–91–00140
to 1–91–00154.

United States Bankruptcy Court,
M.D. Pennsylvania.

Nov. 2, 1992.

See also 150 B.R. 580.

Marc W. Witzig, Harrisburg, PA, for Asia.

Robert Spielman, Wilkes–Barre, PA, for debtor.

## OPINION

JOHN J. THOMAS, Bankruptcy Judge.

Before the Court is a motion of Asia Commercial Company Limited. (hereinafter "Asia") for an order under 11 U.S.C. § 105 and 1142 requiring the debtor to make distribution to Asia pursuant to the terms of an amended joint plan of reorganization confirmed by order of this Court on April 15, 1991. The motion further requests that the debtors be found in civil contempt for failure to abide by an order of this Court dated December 5, 1991. For the reasons provided herein, we order the debtor to make distribution to Asia in the Panther Manufacturing, Ltd. case. All other requests in Asia's motion are denied.

The procedural history is as follows: On October 29, 1991, Asia filed a motion under 11 U.S.C. § 1142 and Bankruptcy Rules 3021 and 9014 for an order requiring the debtors to make distribution to Asia as required under the terms of a Joint Amended Reorganization Plan approved by this Court in April of 1991. Thereafter, on December 5, 1991, this Court, through the Honorable Robert J. Woodside, entered an order approving Asia's motion and directed payment of Asia's claim in the Panther Manufacturing Ltd. case. No answer was filed on the original motion. No appeal was taken by the debtor or any other party in interest of the December 5, 1991 order. Thereafter, in January of 1992, Asia filed the instant motion with many of the same allegations made under the original motion with added allegations of debtors failure to pay in accordance with this Court's December 5, 1991 order. Further, the motion requests that the debtor be found in civil contempt and that payment of attorney's fees and a fine of two hundred and fifty dollars ($250.00) be imposed for each day the debtor fails to pay Asia's claim.

The facts are as follows: In April of 1991 an Amended Joint Plan of Reorganization

was confirmed by an order of this Court through the Honorable Robert J. Woodside. Asia Commercial cast a ballot in favor of the plan. Article 16 of the Plan provides that claims of the class into which Asia's claim falls (Class 13) shall receive, on the effective date of the plan, cash in the amount of ten percent of the total allowed claim plus a subordinated promissory note in the amount equal to sixty-five percent of each creditors allowed claim. Asia filed two proofs of claim on March 1, 1991, in the Gruen Precision, Inc. and the Panther Manufacturing, Ltd. cases. The claim filed in the Gruen Marketing Corporation case reflects that it is for an unsecured non-priority claim in the amount of four hundred and eighty-five thousand two hundred seventy-seven dollars and twenty-six cents ($485,277.26) representing unpaid export bills and invoices from October, 1987 through June of 1990. The claim filed in the Panther Manufacturing, Ltd. case is in all respects identical to that filed in the Gruen case except for the following notation: "The proof of claim against Panther may be withdrawn if the claim against Gruen Marketing Corporation submitted by Asia is not objected to by any party in interest".

By an amended objection dated May 30, 1991, Gruen Marketing Corporation objected to Asia's claim (claim 57) asserting that it was filed in the wrong case and that the amount owed was actually four hundred sixty-seven thousand five hundred and ninety-nine dollars ($467,599.00). The "wherefore" clause of the objection reads as follows: "Wherefore, debtors pray that the aforementioned claim of Asia be allowed only in the Panther Manufacturing, Ltd. case and in the amount of four hundred sixty-seven thousand five hundred ninety-nine dollars ($467,599.00) and that the Court grant such other relief as is just." Also on May 30, 1991, an amended objection was filed by Panther Manufacturing, Ltd. in that case to Asia's claim (claim 9). This objection also recites that the proper amount is four hundred sixty-seven thousand five hundred ninety-nine dollars ($467,599.00). We further note that both of the objections filed by Gruen and Pan-

ther recognize that Asia has a claim in the amount of four hundred and sixty-seven thousand five hundred ninety-nine dollars ($467,599.00) and that neither objection went to the validity of the underlying claim. Thereafter, the docket does not reflect any activity on these objections. Additionally, Asia has been consistent in all of the motions filed in this matter and has indicated that for purposes of resolution of those motions, it would recognize and accept the amount indicated in both the Gruen and Panther objections.

At the end of October 1991, Asia filed its initial motion for an order requiring debtors to make distribution under the plan. Thereafter, on December 5, 1991, the Court entered the order granting Asia's motion.

The debtor argues that the claim between Asia and Panther is disputed and that is why payment has not been made to Asia. The debtors allege "ACCL's (Asia) Business Relationships with the debtors have been the subject of an ongoing investigation by the debtors, and the debtors, now, in fact, believe that they have a substantial claim against ACCL (Asia) as a result of ACCL's violations, both pre- and post-petition, of the debtors' licenses and trademarks". In other words, the debtors have a setoff against Asia's claim.

The answer also alleges that the December 5 order establishes that Asia has an allowed claim but that the order does not adjudicate the merits of the debtors' pre- and post-petition claims against Asia nor does it establish any deadline by which payment is to be made. Additionally, the plan does not provide for specific deadlines for payment of disputed claims which are subsequently resolved nor does the plan compel the debtors to make payments to pre-petition creditors against whom the debtors hold pre-petition setoffs. The argument continues, that the plan creates procedures to liquidate disputed claims; namely, notice to the committees and hearing on those claims. Consequently, the order entered by the Court is described by the debtor as a "provisional" order requiring no affirmative action whatsoever by the debtor because the order simply directed the debtor to comply with the terms of the plan.

Furthermore, the debtor argues that its procedural due process rights were violated because it never received notification of the initial motion requesting payment of Asia's claim nor the notice setting the objection and hearing date. The debtor argues that the December 5, 1991 order is a "legal nullity" because of the failure of Panther or its counsel to receive actual notice of the motion and the order setting the hearing and objection dates on the motion. The debtor on numerous occasions notes that the creditors committee, and more particularly the Gruen Committee, failed to receive adequate notice under the terms and provisions of the debtors plan of reorganization which requires that disputed claims be settled only after notice to the committee and a hearing.

■ The Court will first address the alleged failure of both Panther and Gruen to receive notice of the hearing and objection date on the motion giving rise to the December 5, 1991 order. The debtor argues that the mailing of any document creates a presumption that the document was received but the presumption is rebutted when the alleged recipient states that the document was not in fact received at which time the burden shifts back to the mailer to prove receipt. We disagree. We direct the parties attention to a recent case of *Wilson v. Rodolfy, In re Rodolfy*, 150 B.R. 347 (Bkrtcy.M.D.Pa.1992) wherein the Court addressing this issue writes the following at page 349:

... [T]he case of *In re Barnes*, 114 B.R. 579 (Bkrtcy.S.D.Ill.1990), at page 581, citing *In re Ricketts*, 80 B.R. 495 (9th Cir. BAP 1987) provides:

Where the court file shows a certificate of mailing and a complaining party submits an affidavit declaring notice was not received, the weight of the evidence favors the court's certificate. As stated in Ricketts:

If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates would come unraveled.

80 B.R. at 497. For this reason, an allegation that no notice was received does not, by itself, rebut the presumption of proper notice. **Id.**

A certificate of service docketed November 1, 1991, reflects service by Asia of the notice of hearing and motion.

On the other hand, while there is an answer to the motion alleging failure to receive the notice there is nothing provided to the Court by way of either oral or written evidence in support of that answer. Consequently, we find that the facts as presented to this Court are not enough to rebut the presumption of the receipt of the original notice.

■ Regardless of whether or not there was failure to receive notice, debtor raises an issue as to the effect of the December 5 order of the Court. The language is important and reads as follows:

### ORDER APPROVING MOTION OF ASIA COMMERCIAL COMPANY, LIMITED

AND NOW, this 5th day of Dec., 1991, upon consideration and hearing of the Motion of Asia Commercial Company, Limited Under 11 U.S.C. § 1142 And Bankruptcy Rules 3021 And 9014 For An Order Requiring The Debtors To Make The Distribution Required Under the Plan of Reorganization (the "Motion");

IT IS HEREBY ORDERED AND DECREED that this Court approves the Motion of Asia Commercial Company, Limited Under 11 U.S.C. § 1142 And Bankruptcy Rules 3021 And 9014 For An Order Requiring The Debtors To Make The Distribution Required Under the Plan of Reorganization, and orders Debtors to pay the claim of Asia Commercial Company, Limited in the Panther Manufacturing, Ltd. case, in accordance with the Amended Joint Plan of Reorganization confirmed by this Court, together with interest and costs.

/s/Robert J. Woodside

The debtor argues that this order ignores the procedure set up by the amended plan concerning the resolution of disputed claims; namely, notice to creditors commit-

tee and a hearing. Furthermore, because the debtor takes the position that the claim with Asia is disputed it read this order as an "exparte order [which] is nothing more than a provisional determination which imposes no obligation whatsoever on the debtors. The debtors will be happy to make payment to ACCL (Asia) once ACCL's claim is resolved in accordance with the provision of Article 22". See Brief, Discussion Section, Page 4. Debtors argument continues with the following:

ACCL asserts that the Debtors should have appealed the Ex Parte Order if they found its provisions to be unacceptable. There is, however, nothing in the Ex Parte Order that can or should be appealed, since the Ex Parte Order does not grant an allowed claim to ACCL, and since the Debtors are not directed to pay the ACCL claim within any set time limits, but instead, the Debtors are simply directed to make payment "in accordance with the plan," a phrase which can only mean that payment is to be made after notice to the Gruen Committee, and after a hearing on the Gruen Committee's objection.

Panther and Gruen had available to them a number of procedural safeguards which either or one of them could have exercised if they felt aggrieved by the terms of the order; namely, an appeal of the order, a motion for reconsideration, or a motion to vacate, to name a few. None of these options were exercised. Now, several months later, after all the applicable periods in which certain actions could be taken have run, the debtors argue that there is nothing in this order which required an appeal. This Court disagrees. Regardless of the alleged procedural flaws and the circumstances in which the order was obtained, the ·December 5 order was case determinative and the language clearly granted Asia's motion and directed Panther to pay Asia's claim.

Let us focus on that portion of the order which reads: "this Court ... orders Debtors to pay the claim of Asia ...‚ in accordance with the Amended Joint Plan ..." (Emphasis added).

A comma is used to require a reader to pause before continuing with the sentence.

*Gaumer v. United States,* 685 F.Supp. 167, 168 (N.D. Ohio 1988).

Frankly, absent the comma this Court might agree with the debtor. Nevertheless, a pause at that juncture in the sentence requires this Court to conclude that Judge Woodside ordered that Asia should be paid *because* the plan compels it.

The plain meaning of the language and the grammar of the order dictates that the bankruptcy court intended to have Asia's claim paid. This order did not contemplate that the claim was still disputed and that the dispute resolution provisions of the plan should be applied to Asia's claim at any time in the future when the debtors deemed fit to bring the matter before the Court for disposition. The order is subject to no other reasonable interpretation and this Court will give it none other than referenced above.

The debtors also assert that they did not pay Asia's claim because they recently determined that they have a setoff amounting to both a pre- and post-petition claim against Asia. This position continues that the facts surrounding the setoff were only recently made available to the debtors and if the debtors had prior knowledge of these facts the setoff claim against Asia would have been disclosed in the disclosure statement and dealt with in the plan of reorganization. In support of this position, the debtors presented the Court with unsubstantiated allegations of this trademark infringement which is the basis of the setoff. No other support, through case law or otherwise, was presented to compel this Court to accept debtors' position that it is not responsible to pay Asia's claim now because of a possible setoff based upon a tentative success in a trademark infringement case filed well after the confirmation of the plan and the order which is the subject of this motion. Setoff, as contemplated by the Code in § 553, is not mandatory but rests within the discretion of the Court applying equitable principles and only after the Court finds that all the requirements of a setoff have been met. *See In re Cabrillo,* 101 B.R. 443, 448 n. 3 (Bkrtcy.E.D.Pa.1989). This Court simply will not permit Asia's claim to remain in cold storage until the outcome of the trade-

mark infringement litigation commenced against Asia. It has been approximately a year and one half since the confirmation of this Chapter 11 plan and Asia should not be required to wait any longer for payment of its claim.

Finally, with reference to the other requests of the motion; namely, the payment of attorney's fees and the imposition of a civil contempt fine of two hundred fifty dollars ($250.00) per day, this Court finds that nothing was presented by Asia in support of its motion, and, consequently, those requests are hereby denied.

IT IS SO ORDERED.