72 F.3d 126
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In re CERRONE & ASSOCIATES, INCORPORATED, Debtor.
Harry J. RUCH, Creditor-Appellant,
v.
CERRONE & ASSOCIATES, INCORPORATED, Debtor-Appellee,
and
Ohio County Public Service District, Creditor.
 No. 95-2262.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1995.
Decided Dec. 18, 1995.
 
 Ronald M. Musser, PHILLIPS, GARDILL, KAISER & ALTMEYER, Wheeling, West Virginia, for Appellant. Robert J. Rogalski, Gregory J. Herndon, HERNDON, MORTON, HERNDON & YAEGER, Wheeling, West Virginia, for Appellee.
 Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Harry J. Ruch appeals from the district court's order affirming an order of the bankruptcy court which denied his motion to file a proof of claim in the underlying bankruptcy proceeding. We affirm.
 
 
 2
 The debtor, Cerrone & Associates, Inc., filed a Chapter 11 bankruptcy petition on December 6, 1991. The bankruptcy court entered an order originally setting April 28, 1992, as the deadline for filing proofs of claim. Ruch filed suit against the debtor in state court in April 1992 and, on January 28, 1993, was added as an additional creditor in the debtor's amended Schedule F filed with the bankruptcy court. On September 15, 1993, the bankruptcy court sent a notice to Ruch, among others, stating that he had been named as a creditor in the debtor's bankruptcy case and that the new deadline for filing a proof of claim was extended to October 15, 1993. Ruch claimed that he never received this notice.
 
 
 3
 The debtor filed its plan of reorganization (which provided for no payment to Ruch), on December 1, 1993. On January 5, 1994, Ruch filed an objection to the reorganization plan and a motion to allow the filing of a proof of claim. The bankruptcy court overruled Ruch's objection to the plan and denied his motion. Ruch appeals from the district court's order affirming the bankruptcy court's ruling.
 
 
 4
 Ruch contends, first, that the bankruptcy court erred in finding that he received the notice issued on September 15, 1993. The bankruptcy court's finding on this issue is one of fact, reviewed only for clear error. Bankr.R. 8013; In re Morris Communications NC, Inc., 914 F.2d 458, 467 (4th Cir.1990). The certificate of mailing contained in the bankruptcy court's record creates a presumption that the notice was received. In re Bucknum, 951 F.2d 204 (9th Cir.1991). That presumption may be overcome only by "clear and convincing evidence that the mailing was not in fact accomplished." Id. at 207 (quoting from In re Ricketts, 80 B.R. 495, 498-99 (Bankr.9th Cir.1987)). The lower courts' determinations that Ruch failed to meet this burden were not clearly erroneous.
 
 
 5
 Their findings that the September 15 notice was valid and that Ruch's failure to timely file his proof of claim was not due to excusable neglect were similarly not clearly erroneous. See In re Pioneer Inv. Servs., Co., 943 F.2d 673 (6th Cir.1991) (discussing factors to be considered in determining whether creditor has established excusable neglect), aff'd sub nom. Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd., --- U.S. ---, 61 U.S.L.W. 4263 (U.S. Mar. 24, 1993) (No. 91-1695).
 
 
 6
 Accordingly, we affirm the district court's order affirming the bankruptcy court's order denying Ruch's motion to file a proof of claim. We dispense with oral argument on motion of the parties and because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.